[No. G036433. Fourth Dist., Div. Three. Dec. 21, 2006.]

JUDY KOLAR et al., Plaintiffs and Respondents, v.
DONAHUE, McINTOSH & HAMMERTON, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION***]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part III.C.

**COUNSEL**

Law Offices of Timothy J. Donahue and Timothy J. Donahue for Defendant and Appellant.

Shulman Hodges & Bastian, Ronald S. Hodges, Franklin J. Contreras, Jr., and Evan W. Granowitz for Plaintiffs and Respondents.

**OPINION**

**ARONSON, J.**—The law firm of Donahue, McIntosh & Hammerton (Donahue) appeals the trial court's denial of its special motion to strike

brought under the anti-SLAPP statute.[1] (Code Civ. Proc., § 425.16; all further statutory references are to this code unless otherwise noted.) Donahue contends the legal malpractice action filed against it arose from an act "in furtherance of [its] right of petition or free speech under the United States or California Constitution in connection with a public issue," and is therefore protected under the anti-SLAPP statute. (§ 425.16, subd. (b)(1).) Donahue also contends the action is barred by the litigation privilege, and thus subject to a special motion to strike. We disagree with each of these contentions.

■ As Donahue recognizes, this case presents a "garden variety legal malpractice action." A legal malpractice action alleges the client's attorney failed to competently represent the client's interests. Legal malpractice is not an activity protected under the anti-SLAPP statute. That the malpractice allegedly occurred in the course of petitioning activity does not mean the claim arose from the activity itself. Because the Kolars' malpractice action does not arise from an activity protected under the anti-SLAPP statute, Donahue failed to meet its initial burden. We also conclude the litigation privilege does not bar legal malpractice claims based on a litigator's failure to provide competent representation in a prior lawsuit. In the unpublished portion of this opinion, we reject a number of other contentions Donahue raises. Accordingly, we affirm the trial court's order.[2]

I

FACTUAL AND PROCEDURAL BACKGROUND

In March 2002, plaintiffs Judy and Jan Kolar, and the Kolar Family Trust (Kolars) retained Donahue to provide legal services in connection with a dispute arising from property improvements constructed by plaintiffs' neighbors. Specifically, plaintiffs alleged the neighbors built a deck and staircase without receiving plan approval from an architectural committee as required by the subdivision's covenants, conditions, and restrictions (CC&R's). Donahue filed a complaint on behalf of the Kolars against plaintiffs' neighbors, and maintenance and management companies employed by their homeowners association (homeowner litigation). The Kolars lost the homeowner litigation, and the court entered judgments against them that included attorney fees totaling $957,824.

---

[1] SLAPP is an acronym for strategic lawsuit against public participation, first coined by two University of Denver professors. (See Comment, *Strategic Lawsuits Against Public Participation: An Analysis of the Solutions* (1990/1991) 27 Cal. Western L.Rev. 399.)

[2] Donahue's appeal is not frivolous. Accordingly, we deny plaintiffs' motion to dismiss. (See *People ex rel. Lockyer v. Brar* (2004) 115 Cal.App.4th 1315, 1318 [9 Cal.Rptr.3d 844] [the power to dismiss a frivolous appeal "should not be used except in the absolutely clearest cases"].)

The Kolars filed the present malpractice suit, alleging Donahue "failed to exercise reasonable care and skill" while representing them in the homeowner litigation. Donahue filed a special motion to strike under the anti-SLAPP statute, which the trial court denied. Donahue now appeals.

## II

### STANDARD OF REVIEW

An order denying an anti-SLAPP special motion to strike is appealable under sections 425.16, subdivision (j), and 904.1. We review the trial court's order de novo. (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 999 [113 Cal.Rptr.2d 625].)

## III

### DISCUSSION

**A.  *The Kolars' Malpractice Action Does Not "Arise From" Petitioning Activity Protected Under the Anti-SLAPP Statute***

The anti-SLAPP statute provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)

■ "To prevail on an anti-SLAPP motion, the movant must first make ' "a threshold showing that the challenged cause of action" arises from an act in furtherance of the right of petition or free speech in connection with a public issue.' " (*Integrated Healthcare Holdings, Inc. v. Fitzgibbons* (2006) 140 Cal.App.4th 515, 522 [44 Cal.Rptr.3d 517].) "Once the movant meets this burden, the plaintiff must demonstrate ' "a probability of prevailing on the claim." ' [Citation.] If the plaintiff cannot meet this burden, the trial court must strike the cause of action." (*Ibid.*)

Section 425.16, subdivision (e), clarifies: "As used in this section, 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with

an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."

Donahue contends the Kolars' malpractice action arises from Donahue's petitioning activities in the homeowner litigation and therefore is protected under section 425.16, subdivision (e). We disagree.

"It is beyond dispute the filing of a complaint is an exercise of the constitutional right of petition and falls under section 425.16." (*A.F. Brown Electrical Contractor, Inc. v. Rhino Electric Supply, Inc.* (2006) 137 Cal.App.4th 1118, 1125 [41 Cal.Rptr.3d 1].) Thus, malicious prosecution actions are subject to anti-SLAPP scrutiny because "[b]y definition, a malicious prosecution suit alleges that the defendant committed a tort by filing a lawsuit. [Citation.]" (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 735 [3 Cal.Rptr.3d 636, 74 P.3d 737].) The anti-SLAPP protection for petitioning activities applies not only to the filing of lawsuits, but extends to conduct that relates to such litigation, including statements made in connection with or in preparation of litigation. (*Kashian v. Harriman* (2002) 98 Cal.App.4th 892, 908 [120 Cal.Rptr.2d 576].) Indeed, courts have adopted "a fairly expansive view of what constitutes litigation-related activities within the scope of section 425.16." (*Ibid.*)

█ Although a party's litigation-related activities constitute "act[s] in furtherance of a person's right of petition or free speech," it does not follow that any claims associated with those activities are subject to the anti-SLAPP statute. To qualify for anti-SLAPP protection, the moving party must demonstrate the claim "arises from" those activities. A claim "arises from" an act when the act " ' "forms the basis for the plaintiff's cause of action" . . . .' " (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 66 [124 Cal.Rptr.2d 507, 52 P.3d 685].) "[T]he 'arising from' requirement is not always easily met." (*Ibid.*) A cause of action may be "triggered by" or associated with a protected act, but it does not necessarily mean the cause of action *arises* from that act. (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 77–78 [124 Cal.Rptr.2d 519, 52 P.3d 695] (*Cashman*).) As our Supreme Court noted: "California courts rightly have rejected the notion 'that a lawsuit is adequately shown to be one "arising from" an act in furtherance of the rights of petition or free speech as long as suit was brought after the defendant

engaged in such an act, whether or not the purported basis for the suit is that act itself.' [Citation.]" (*Id.* at p. 77.)

This point was illustrated in *San Ramon Valley Fire Protection Dist. v. Contra Costa County Employees' Retirement Assn.* (2004) 125 Cal.App.4th 343 [22 Cal.Rptr.3d 724]. There, a local fire protection district filed suit against a county retirement system and its board challenging the defendants' decision to increase the amount of employee retirement fund contributions. In response, the defendants filed an anti-SLAPP motion, which the trial court denied. Affirming, the Court of Appeal determined that even if the defendants' discussions and voting on the increase constituted activities protected under the anti-SLAPP statute, the plaintiffs' cause of action arose from the board's collective action in increasing the contribution. The court explained: " '[T]he [anti-SLAPP] statute's definitional focus is . . . [whether] the defendant's activity *giving rise to his or her asserted liability* . . . constitutes protected speech or petitioning. [Citation.]' [Citation.] Thus, the fact that a complaint alleges that a public entity's action was taken as a result of a majority vote of its constituent members does not mean that the litigation challenging that action *arose from* protected activity, where the measure itself is not an exercise of free speech or petition. Acts of governance mandated by law, without more, are not exercises of free speech or petition. '[T]he defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech. [Citation.]' [Citation.]" (125 Cal.App.4th at p. 354.)

Similarly, in *Benasra v. Mitchell Silberberg & Knupp LLP* (2004) 123 Cal.App.4th 1179 [20 Cal.Rptr.3d 621], the court determined the anti-SLAPP statute did not apply to a former client's suit against a law firm for breach of loyalty. There, the law firm, which previously represented the plaintiff, represented the plaintiff's opponent in an arbitration proceeding. Although pursuit of arbitration proceedings is a protected activity, the court nonetheless held the breach of loyalty claim did not arise from that activity, reasoning: "The breach occurs not when the attorney steps into court to represent the new client, but when he or she abandons the old client. . . . In other words, once the attorney accepts a representation in which confidences disclosed by a former client may benefit the new client due to the relationship between the new matter and the old, he or she has breached a duty of loyalty. The breach of fiduciary duty lawsuit may follow litigation pursued against the former client, but does not arise from it. Evidence that confidential information was actually used against the former client in litigation would help support damages, but is not the basis for the claim. . . . [T]heir claim is not based on 'filing a petition for arbitration on behalf of one client against another, but

rather, for failing to maintain loyalty to, and the confidences of, a client.' " (123 Cal.App.4th at p. 1189.)

In reaching its conclusion, *Benasra* relied in part on *Jespersen v. Zubiate-Beauchamp* (2003) 114 Cal.App.4th 624 [7 Cal.Rptr.3d 715] (*Jespersen*), in which an attorney attempted to invoke the anti-SLAPP statute against a former client's malpractice claim. Affirming the trial court's denial of the anti-SLAPP motion, *Jespersen* concluded the defendants were attempting "to turn garden-variety attorney malpractice into a constitutional right." (114 Cal.App.4th at p. 632.) *Jespersen*, however, did not purport to categorically exclude malpractice actions from the anti-SLAPP statute. Instead, the court concluded that the malpractice action in *Jespersen* fell outside of the anti-SLAPP statute's protection because it arose in the context of the attorneys' failure to timely respond to discovery and to comply with court orders, rather than direct petitioning activity. (114 Cal.App.4th at p. 631.) The court noted the "malpractice action [was] not based [on the attorneys'] having filed an answer[,] cross-complaint[,] . . . declarations, motions, or other papers in that action, or upon [the attorneys'] appearance on discovery or other motions." (*Id.* at p. 630.)

We agree with *Jespersen*'s conclusion that "garden variety" attorney malpractice is not a constitutional right, but we cannot fully subscribe to the court's application of the principle articulated. *Jespersen* implies that an attorney may invoke the protection of the anti-SLAPP statute against a malpractice claim where the alleged malpractice was committed in connection with petitioning activity, such as the filing of a pleading, but not when the attorney fails to act, such as failing to respond to discovery or court orders. Under this logic, the anti-SLAPP statute would apply to a malpractice claim alleging the attorney filed an answer omitting a critical defense, but not where the attorney failed to file an answer at all. In the former case, however, the malpractice claim arises not from the filing of the answer, but from the attorney's failure to provide competent legal representation. That the malpractice claim was triggered by the filing of the defective pleading does not upset the basic principle that attorney malpractice is not a protected right. (See *Cashman, supra*, 29 Cal.4th at p. 78.)

Our interpretation of the "arising from" requirement of section 425.16, subdivision (b), is consistent with the anti-SLAPP statute's express purpose: "The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, this section shall be construed broadly." (§ 425.16, subd. (a).)

A malpractice claim focusing on an attorney's incompetent handling of a previous lawsuit does not have the chilling effect on advocacy found in malicious prosecution, libel, and other claims typically covered by the anti-SLAPP statute. In a malpractice suit, the client is not suing because the attorney petitioned on his or her behalf, but because the attorney did not competently represent the client's interests while doing so. Instead of chilling the petitioning activity, the threat of malpractice encourages the attorney to petition competently and zealously. This is vastly different from a third party suing an attorney for petitioning activity, which clearly could have a chilling effect.

█ As Donahue conceded in its moving papers, this case presents a "garden variety" malpractice action. Because the Kolars' claims arise from Donahue's alleged legal malpractice and not from petitioning activity protected under the anti-SLAPP statute, Donahue has failed to meet its burden under the anti-SLAPP statute's first prong.

### B.  *The Kolars' Claims Are Not Barred by the Litigation Privilege*

Our Supreme Court has recognized that communications " 'within the protection of the litigation privilege of Civil Code section 47, subdivision (b) [citation], . . .are equally entitled to the benefits of section 425.16.' [Citations.]" (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1115 [81 Cal.Rptr.2d 471, 969 P.2d 564]; see also *Ruiz v. Harbor View Community Assn.* (2005) 134 Cal.App.4th 1456, 1467, fn. 3 [37 Cal.Rptr.3d 133] ["[clauses] (1) and (2) of section 425.16, subdivision (e) . . . are coextensive with the litigation privilege"].) Donahue contends the Kolars' legal malpractice action is barred by the litigation privilege, and thus also within the protections of the anti-SLAPP statute. We disagree.

█ The litigation privilege protects attorneys, judges, jurors, witnesses, and other court personnel from tort liability for any "publication or broadcast" made "[i]n any . . . judicial proceeding. . . ." (Civ. Code, § 47, subd. (b); see *Rosenfeld, Meyer & Susman v. Cohen* (1983) 146 Cal.App.3d 200, 231 [194 Cal.Rptr. 180], disapproved on other grounds in *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal.4th 503, 521, fn. 10 [28 Cal.Rptr.2d 475, 869 P.2d 454].) Under the " 'usual formulation,' " the litigation " 'privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action. [Citations.]' [Citation.]" (*Sylmar Air Conditioning v. Pueblo Contracting Services, Inc.* (2004) 122 Cal.App.4th 1049, 1058 [18 Cal.Rptr.3d 882].) The privilege extends to "any publication . . . that is required [citation] or permitted [citation] by law in the course

of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is invoked." (*Albertson v. Raboff* (1956) 46 Cal.2d 375, 380–381 [295 P.2d 405].) Included under its protection are prelitigation demand letters. (*Aronson v. Kinsella* (1997) 58 Cal.App.4th 254, 260–261 [68 Cal.Rptr.2d 305].)

Although the scope of the litigation privilege is extremely broad when applicable, the privilege does not apply in all situations. In *Mattco Forge, Inc. v. Arthur Young & Co.* (1992) 5 Cal.App.4th 392 [6 Cal.Rptr.2d 781] (*Mattco*), the court considered whether the litigation privilege protected an expert witness who was sued for malpractice by his client based on the expert's testimony at trial. Despite recognizing the privilege protects expert witnesses testifying at trial from being sued by the opposing party, the court nonetheless held that the litigation privilege did not apply. The court observed that a key purpose of the litigation privilege was to promote freedom of access to the courts and to encourage witnesses to testify truthfully without the fear of retaliatory lawsuits. The court reasoned that shielding an expert from a malpractice suit by the expert's own client, however, would not further this purpose, and concluded the privilege did not apply.

Of particular note is the court's recognition of the similarities between a hired expert and a party's attorney: "The analogy between a party bringing a suit against its own expert witness and the party bringing a suit against its own attorney has some relevance. . . . [T]he litigation privilege shields 'litigants, attorneys and witnesses from liability for . . . virtually all torts except malicious prosecution. [Citations.]' *Yet if it also protected an attorney from any suit by a former client, no malpractice suit could be brought.*" (*Mattco, supra,* 5 Cal.App.4th at p. 406, italics added.)

Donahue cites no cases holding the litigation privilege bars malpractice actions based on an attorney's litigation-related acts or omissions, and we have found none. We perceive no sound reason why litigators should be exempted from malpractice liability, and therefore decline to extend the litigation privilege's protection to the present case.

C. *The Malpractice Action Does Not Concern a Public Issue**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante,* page 1532.

## IV

### DISPOSITION

The order denying Donahue's special motion to strike is affirmed. The Kolars are awarded their costs of this appeal.

Rylaarsdam, Acting P. J., and Fybel, J., concurred.

Respondents' petition for review by the Supreme Court was denied March 21, 2007, S149885.