**130 Nev., Advance Opinion 67**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| GREENBERG TRAURIG, LLP, A LIMITED LIABILITY PARTNERSHIP; GREENBERG TRAURIG, P.A., A PROFESSIONAL ASSOCIATION; AND SCOTT D. BERTZYK, AN INDIVIDUAL, Appellants, vs. FRIAS HOLDING COMPANY, A CORPORATION; AND MARK A. JAMES, AN INDIVIDUAL, Respondents. | No. 61820 **FILED** AUG 0 7 2014  TRACIE K. LINDEMAN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |

Certified question, in accordance with NRAP 5, regarding the legal-malpractice exception to the litigation privilege. United States District Court for the District of Nevada; Gloria M. Navarro, Judge.

*Question answered.*

Brownstein Hyatt Farber Schreck, LLP, and Anthony J. DiRaimondo and Kirk B. Lenhard, Las Vegas; Steptoe & Johnson and Jon T. Neumann, Phoenix, Arizona; Bennett Evan Cooper, Esq., Paradise Valley, Arizona, for Appellants.

Carbajal & McNutt, LLP, and Daniel R. McNutt, Las Vegas, for Respondents.

BEFORE THE COURT EN BANC.[1]

*OPINION*

By the Court, DOUGLAS, J.:

The United States District Court for the District of Nevada has certified a question of law to this court regarding the legal-malpractice exception to the litigation privilege. The litigation privilege immunizes from civil liability communicative acts occurring in the course of judicial proceedings, even if those acts would otherwise be tortious. Although Nevada has long recognized this common law privilege, we have not before determined whether it applies to preclude claims of legal malpractice or professional negligence based on communicative acts occurring in the course of judicial proceedings. The federal court asks "[w]hether Nevada law recognizes an exception to the common law litigation privilege for legal malpractice and professional negligence actions." We conclude that Nevada law recognizes the exception.

*FACTS*

In May 2005, Scott Bertzyk and Mark James were opposing counsel in a commercial real estate litigation matter. Bertzyk, an attorney at Greenberg Traurig, LLP, represented the buyer, L.A. Pacific Center, Inc. (LAP). James, an attorney at Bullivant Houser Bailey, P.C., at the time, represented the sellers, Hotels Nevada, LLC, and Inns Nevada, LLC (Hotels and Inns). LAP filed a complaint in both Nevada and California against Hotels and Inns on related claims. However, in 2006, James

_____

[1]The Honorable Kristina Pickering, Justice, voluntarily recused herself from participation in the decision of this matter.

transitioned out of active involvement in both litigations, and became president and CEO of Frias Holding Company (FHC), a taxi and limousine service company.

In June 2008, the California suit went to arbitration, during which Bertzyk allegedly attacked James's character—asserting that James committed fraud and concealed or manipulated evidence.[2] In October 2009, the arbitration panel found in LAP's favor and awarded damages against Hotels and Inns. According to James, before the panel issued the final arbitration award, Bertzyk suggested to one of Hotel and Inns' attorneys that Hotel and Inns should explore filing a legal malpractice suit against its former attorneys, including James.

Meanwhile, in September 2008, James, in his capacity as FHC's president and CEO, retained attorney Mark Tratos of Greenberg Traurig to handle some intellectual property matters for FHC. And in July 2009, James retained attorney Michael Bonner (also of Greenberg Traurig) to personally represent him for his Nevada gaming license application. James was aware that Greenberg Traurig represented LAP in the litigation, but the firm did not inform James about the statements Bertzyk made during the arbitration. Moreover, during Greenberg Traurig's representation of James, LAP filed a lawsuit against Bullivant Houser Bailey, alleging attorney misconduct. In the misconduct matter, Bertzyk provided a declaration that reasserted the negative statements that he made about James during the arbitration.

After learning of Bertzyk's actions, James and FHC (collectively, respondents) terminated their respective relationships with

---

[2]This court stayed the proceedings in the Nevada litigation.

SUPREME COURT
OF
NEVADA

(O) 1947A

3

Greenberg Traurig in August 2010 and filed a complaint against Bertzyk and Greenberg Traurig, LLP (collectively, appellants) in the Nevada district court, alleging that appellants committed malpractice and breached their professional and fiduciary duties by impugning James and FHC in furtherance of appellants' representation of LAP, which adversely affected their representation of James and FHC. The parties removed the case to federal district court pursuant to 28 U.S.C. §§ 1441 and 1446. Appellants filed a motion to dismiss, alleging that the litigation privilege barred respondents' claims.

The federal district court denied appellants' motion without prejudice because Nevada had not addressed the legal-malpractice exception to the litigation privilege. Then, pursuant to NRAP 5, the federal court certified the following question to this court: "Whether Nevada law recognizes an exception to the common law litigation privilege for legal malpractice and professional negligence actions." We previously accepted the question and now issue this opinion in answer.

## DISCUSSION

Appellants argue that the legal-malpractice exception is not applicable to this matter because respondents' claims actually allege defamation, which the litigation privilege clearly bars.[3] To support their assertion, appellants note that respondents do not allege that appellants provided inadequate legal representation; rather, respondents'

---

[3]While we acknowledge that the litigation privilege bars a defamation claim, the question presented by the United States District Court, pursuant to NRAP 5, characterizes the claim as one for legal malpractice and professional negligence. We do not resolve in this opinion how respondents' claim should be characterized.

SUPREME COURT
OF
NEVAOA

(O) 1947A

4

malpractice claim is based on Bertzyk's negative comments about James. Appellants also contend that adopting the legal-malpractice exception would undermine the litigation privilege's absolute nature and that state bar disciplinary measures are the appropriate remedy for alleged lawyer misconduct during judicial proceedings, not tort liability.

Respondents insist that adopting the legal-malpractice exception would not undermine the litigation privilege because the privilege was not intended to apply to an attorney-client relationship. Respondents argue that applying the legal-malpractice exception would not hinder an attorney from zealously advocating for his or her client and that an attorney should not be given protection for breaching his or her duties to a client.

*Litigation privilege*

This court has recognized "'the long-standing common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged,'" rendering those who made the communications immune from civil liability. *Fink v. Oshins*, 118 Nev. 428, 432-33, 49 P.3d 640, 643 (2002) (quoting *Circus Circus Hotels v. Witherspoon*, 99 Nev. 56, 60, 657 P.2d 101, 104 (1983)). "The policy behind the [litigation] privilege, as it applies to attorneys participating in judicial proceedings, is to grant them 'as officers of the court the utmost freedom in their efforts to obtain justice for their clients.'" *Id.* at 433, 49 P.3d at 643 (quoting *Bull v. McCuskey*, 96 Nev. 706, 712, 615 P.2d 957, 961 (1980) *abrogated on other grounds by Ace Truck & Equip. Rentals, Inc. v. Kahn*, 103 Nev. 503, 746 P.2d 132 (1987), *abrogated by Bongiovi v. Sullivan*, 122 Nev. 556, 138 P.3d 433 (2006)).

SUPREME COURT
OF
NEVADA

(O) 1947A

5

The privilege applies as long as the statements are "in some way pertinent to the subject of the controversy." *Id.* at 433, 49 P.3d at 644 (internal quotation omitted). Although this court has stated that the privilege is absolute, in that it applies even if the communications were made with knowledge and malice, *id.*, 49 P.3d at 643, we have recognized that the privilege has limitations. *See Bull*, 96 Nev. at 712, 615 P.2d at 962 (stating that litigation privilege does not shield an attorney from bar discipline stemming from the attorney's misconduct).

*The legal-malpractice exception to the litigation privilege*

Whether the litigation privilege applies to communicative acts that form the basis of legal-malpractice and professional negligence actions is a matter of first impression in Nevada; therefore, it is appropriate to look to outside jurisdictions for guidance. Many courts— including those in New Jersey and California—have held that the litigation privilege is inapplicable to a client's malpractice or professional negligence claim against his or her attorney. *Kolar v. Donahue, McIntosh & Hammerton*, 52 Cal. Rptr. 3d 712, 719 (Ct. App. 2006); *Buchanan v. Leonard*, 52 A.3d 1064, 1070 (N.J. Super. Ct. App. Div. 2012). In doing so, these courts have determined that applying the privilege to such claims would not further the privilege's purpose of ensuring that an attorney can zealously defend his or her client during litigation. *Kolar*, 52 Cal. Rptr. 3d at 719 (noting that if the privilege protected the attorney from suit by the client, no client could ever bring a malpractice suit against his or her attorney); *Buchanan*, 52 A.3d at 1070. However, a few courts have determined that the litigation privilege is absolute and there are no exceptions to its applicability in civil actions, even as to a former client's malpractice suit against his or her former attorney based upon the

attorney's communications during litigation. *See O'Neil v. Cunningham*, 173 Cal. Rptr. 422 (Ct. App. 1981) (applying a California statute to bar a client's defamation action against his attorney); *Hugel v. Milberg, Weiss, Bershad, Hynes, & Lerach, LLP*, 175 F.3d 14, 17 (1st Cir. 1999) (applying New Hampshire Law and concluding that the litigation privilege barred "legal malpractice claims").

*Nevada recognizes the legal-malpractice exception*

We find the rationale of the New Jersey and California courts persuasive and now adopt the legal-malpractice exception to the litigation privilege because the exception harmonizes with the privilege's underlying purpose. In the attorney-client context, the litigation privilege applies to attorneys primarily for the client's benefit. Although the privilege provides attorneys substantial protection, that protection is contingent on the attorney's representation of his or her client because the privilege is designed to ensure that attorneys have the utmost freedom to engage in zealous advocacy and are not constrained in their quest to fully pursue the interests of, and obtain justice for, their clients. In contrast, while allowing attorneys to breach their professional duties to their clients with impunity and then assert the privilege against the clients' legal malpractice action might benefit the attorney, this impairs the attorney-client relationship, hinders the client, and runs afoul of the privilege's underlying policy assisting the attorney in pursuing the client's interests. *See Fremont Reorganizing Corp. v. Faigin*, 131 Cal. Rptr. 3d 478, 495 (Ct. App. 2011). Therefore, we conclude that it is unsound policy to allow an attorney to assert a privilege designed to ensure unimpeded advocacy for a client as a shield against the client's claim that the attorney provided inadequate legal representation.

Finally, our rationale extends to the scenario in this case, where advocacy on one client's behalf adversely affects another client. Attorneys must zealously pursue the interests of all of their clients, and attorneys who breach their professional responsibilities to their client are not entitled to hide behind the litigation privilege with impunity, even if the breach occurred in the course of competent advocacy on behalf of another client.

Accordingly, while we make no comment on the viability or merits of the legal malpractice and professional negligence claims asserted, we answer the federal district court's question in the affirmative and conclude that, generally, an attorney cannot assert the litigation privilege as a defense to legal malpractice and professional negligence claims.

_____, J.
Douglas

We concur:

_____, C.J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A