**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANHEUSER-BUSCH COMPANIES, LLC, | No. 13-16527 |
| Plaintiff - Appellee, | D.C. No. 2:13-cv-00415-GEB-CKD |
| v. | |
| JAMES ALAN CLARK, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., Senior District Judge, Presiding

Argued and Submitted October 22, 2015
San Francisco, California

Before: PAEZ, MURGUIA, and HURWITZ, Circuit Judges.

In this diversity action, Anheuser-Busch Companies, LLC and Anheuser-Busch, LLC (collectively, "Anheuser-Busch") alleged that James Clark breached a confidentiality agreement with Anheuser-Busch and misappropriated trade secrets by obtaining and disclosing a document related to the company's brewing process after Clark's employment with the company had ended.  Clark moved to strike the

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

complaint under the California anti-SLAPP statute on the basis that he had obtained the document in furtherance of protected litigation activity. *See* Cal. Civ. Proc. Code § 425.16. The district court denied the motion. We vacate and remand.

1. In considering an anti-SLAPP motion to strike, the court must first determine whether the movant has made a prima facie showing that the suit against him "aris[es] from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." *Id.* § 425.16(b)(1). If so, the court must grant the motion unless "the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." *Id.*; *see also Navellier v. Sletten*, 52 P.3d 703, 708 (Cal. 2002).

2. Preparation for litigation is a protected activity. *Kolar v. Donahue, McIntosh & Hammerton*, 52 Cal. Rptr. 3d 712, 716 (Cal. Ct. App. 2006); *Graham-Sult v. Clainos*, 756 F.3d 724, 738 & n.7 (9th Cir. 2013). Anheuser-Busch's papers make clear that it sued Clark for acquiring and sharing information with putative class counsel to further the class action. *See Dible v. Haight Ashbury Free Clinics*, 88 Cal. Rptr. 3d 464, 469 (Cal. Ct. App. 2009) (recognizing that courts can consider "papers filed in opposition to the [anti-SLAPP] motion to the extent that they might give meaning to the words in the complaint"). Anheuser-Busch has therefore sued Clark for acts taken "in furtherance of" a protected activity. Cal. Civ. Proc. Code

2

§ 425.16(b)(1); *see Finton Constr., Inc. v. Bidna & Keys, APLC*, 190 Cal. Rptr. 3d 1, 9–10 (Cal. Ct. App. 2015); *Bergstein v. Stroock & Stroock & Lavan LLP*, 187 Cal. Rptr. 3d 36, 50–52 (Cal. Ct. App. 2015), *rev. denied* (Aug. 26, 2015). We conclude that Clark's protected activity was not merely incidental to Anheuser-Busch's lawsuit.

3. Anheuser-Busch may be able to establish that Clark breached his contract and misappropriated trade secrets. But whether Clark's conduct violated California law goes to Anheuser-Busch's probability of success on the merits, not whether the conduct was in furtherance of a protected activity. *Navellier*, 52 P.3d at 712–13.

4. We therefore vacate the order denying the anti-SLAPP motion and remand so that the district court may consider in the first instance whether Anheuser-Busch "has established that there is a probability that [it] will prevail on the claim." Cal. Civ. Proc. Code § 425.16(b)(1).

**VACATED AND REMANDED**. **Each party to bear its own costs.**