Filed 12/12/22  D and M General Constructor v. Daneshrad CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
## SECOND APPELLATE DISTRICT
## DIVISION FOUR

| | |
|---|---|
| D AND M GENERAL CONSTRUCTOR, INC., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JOSEPH DANESHRAD, <br><br> Defendant and Appellant. | B317336 <br><br> (Los Angeles County Super. Ct. No. 21STCV18885) |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen I. Goorvitch, Judge. Affirmed.

Law Office of Roozy J. Saviss and Roozy J. Saviss for Defendant and Appellant.

Quantum Law Group, Jonathan M. Deer, Steven Morris, and Dina Adham for Plaintiff and Respondent.

# INTRODUCTION

Joseph Daneshrad (Daneshrad) represented D and M General Constructor, Inc. (D&M) in *D and M General Constructor, Inc. v. Eshaghian, et al.*, Case Number BC609762 (the underlying matter). D&M subsequently sued Daneshrad for legal malpractice based on Daneshrad's alleged failure to competently represent it in the underlying matter. In response, Daneshrad moved to strike the complaint under Code of Civil Procedure section 425.16, the anti-SLAPP statute.[1] The trial court denied the motion in all respects except for striking allegations in two paragraphs of the complaint in support of D&M's first cause of action for legal malpractice that Daneshrad improperly filed a notice of lien.

On appeal, Daneshrad contends the trial court erred by not striking the entire complaint. He argues the acts of filing a motion to withdraw and a notice of lien are protected activities under the anti-SLAPP statute, and D&M has not demonstrated a probability of prevailing at trial. We conclude D&M's claims arise from Daneshrad's alleged legal malpractice, and not from petitioning activity protected under the anti-SLAPP statute (with the exception of the allegations the trial court struck regarding the notice of lien). Accordingly, we affirm the trial court's order.

---

1    SLAPP is the acronym for strategic lawsuit against public participation. All further undesignated statutory references are to the Code of Civil Procedure.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. The Complaint's Allegations

The complaint alleges the following facts. D&M engaged Daneshrad to represent it in the underlying matter. Daneshrad failed, however, to prosecute the matter reasonably and diligently on behalf of D&M. Specifically, Daneshrad failed to keep D&M reasonably informed of developments in the case; did not inform D&M regarding discovery which was propounded, responses which were due, and motions to compel which were filed against D&M; refused to follow the client's direction with respect to litigation and settlement; charged D&M for services which were unnecessary and not competently performed; dismissed and released parties who had liability and did not obtain his client's informed consent before doing so; failed to properly prosecute discovery or to affirmatively present D&M's case in response to discovery propounded on it; and failed to take any depositions and failed to propound sufficient discovery. The complaint further alleged Daneshrad "filed a lien in the case without stating an amount when he knew the amount of the lien in an effort to interfere with D&M's settlement."

Shortly before trial, Daneshrad filed a motion to withdraw. The complaint alleges Daneshrad knew that filing the motion so close to the trial date "would cause D&M's credibility to be diminished and [make] its prospect at settlement with the opposing sides more difficult."

Based on these allegations, D&M sued Daneshrad for professional negligence, breach of contract, and declaratory relief.

3

## B.     The Special Motion to Strike

Daneshad moved to strike the entire complaint on the ground that "the gravamen of the conduct complained of is [Daneshrad's] act of filing a Motion to Withdraw and a Notice of Lien," which constitutes protected activity under section 425.16, subdivision (e)(2). In opposition, D&M argued Daneshrad's "negligent representation of D&M does not 'arise from' acts in furtherance of his constitutional right of free speech and, therefore, the anti-SLAPP statute does not apply here."

After a hearing on the special motion to strike, the trial court denied the motion to the extent it sought to strike the entire complaint, finding the complaint's allegations regarding Daneshrad's filing a motion to withdraw and notice of lien to "comprise a relatively minor part of the complaint."

Although Daneshrad sought only to strike the entire complaint, the trial court went on to construe the motion as seeking to strike individual allegations "in the exercise of its discretion in order to avoid future litigation[.]" Regarding the motion to withdraw, the court explained: "The [c]ourt denies the motion to strike allegations that [Daneshrad] filed a motion to withdraw because this allegation is 'only incidental to a cause of action based essentially on nonprotected activity . . . .' [Citation.] In fact, [D&M] alleges that [Daneshrad] 'failed to prosecute the matter reasonably and diligently' and 'effectively abandoned the case.' [Citation.]. The motion [to withdraw] is incidental to these allegations." Regarding the notice of lien, the court granted the motion to strike to the extent D&M sought to predicate the malpractice claim on allegations that Daneshrad filed a notice of lien for improper purposes because "[a]n attorney filing a lien to protect his financial interest in a case is protected activity, even if

4

the lien is not completed properly." The court denied the motion, however, to the extent D&M sought a declaratory judgment regarding whether the lien itself was void because "the filing of the lien is incidental to the cause of action [for declaratory relief], which seeks a decision from [the trial court] whether an incomplete notice of lien is 'void, invalid and of no force or effect.'"

Daneshrad appeals from the portion of the trial court's order denying his special motion to strike.

## DISCUSSION

### A. The Anti-SLAPP Statute and Standard of Review

SLAPP suits are "generally meritless suits brought by large private interests to deter common citizens from exercising their political or legal rights or to punish them for doing so." (*Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 816, disapproved on another ground in *Equilon v. Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68.) To combat these types of suits, the Legislature enacted section 425.16—known as the anti-SLAPP statute—to provide a procedural remedy to dispose of lawsuits or individual causes of action that are brought to chill the valid exercise of a person's constitutional rights. (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1055-1056; see *Baral v. Schnitt* (2016) 1 Cal.5th 376, 395; § 425.16, subd. (b)(1).)

The anti-SLAPP statute requires a two-step process: first, the moving party must establish that the lawsuit's claims are based on activity protected by the statute. (*Briganti v. Chow* (2019) 42 Cal.App.5th 504, 508 (*Briganti*).) If the defendant meets that burden, the burden shifts to the plaintiff to demonstrate that each challenged claim based on protected activity is legally sufficient and factually substantiated. (*Ibid.*)

5

"'[W]ithout resolving evidentiary conflicts,'" the court must determine whether the plaintiff's showing, if accepted by the trier of fact, would be sufficient to sustain a favorable judgment; if not, the claim is stricken. (*Ibid.*) "In making these determinations the court considers 'the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.' (§ 425.16, subd. (b)(2).)" (*Briganti*, *supra*, at p. 508.)

We review the trial court's decision to grant or deny an anti-SLAPP motion de novo. (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788.)

## B. D&M's Malpractice Action Does Not "Arise From" Petitioning Activity Protected Under the Anti-SLAPP Statute

The anti-SLAPP statute provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).) As relevant here, section 425.16, subdivision (e) provides, in part: "As used in this section, 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law . . . ."

6

Daneshrad contends D&M's malpractice action arises from his petitioning activities in the underlying action (specifically, filing a motion to withdraw and a notice of lien) and therefore the entire complaint is protected under section 425.16, subdivisions (e)(1) and (e)(2). We disagree.

It is beyond dispute that Daneshrad's filing of a motion to withdraw and notice of lien are "statement[s] or writing[s] made before a . . . judicial proceeding . . . ." (§ 425.16, subd. (e)(1).) It does not follow, however, "that any claims associated with those activities are subject to the anti-SLAPP statute." (*Kolar v. Donahue, McIntosh & Hammerton* (2006) 145 Cal.App.4th 1532, 1537 (*Kolar*).) Rather, "[t]o qualify for anti-SLAPP protection, the moving party must demonstrate the claim 'arises from' those activities. A claim 'arises from' an act when the act ""forms the basis for the plaintiff's cause of action' . . . . [Citation.]"" (*Ibid.*)

D&M's malpractice action is not predicated on Daneshrad's act of filing the motion to withdraw.[2] Rather, as noted by the trial court, the allegation that Daneshrad filed a motion to withdraw is "only incidental to a cause of action based essentially on nonprotected activity . . . . " (*Martinez v. Metabolife Internat., Inc.* (2003) 113 Cal.App.4th 181, 188.) As discussed above, the complaint alleges Daneshrad "failed to prosecute the matter reasonably and diligently" and "effectively abandoned the case" by, among other things, failing to take depositions and propound sufficient discovery to prosecute the case, failing to keep D&M

2    As noted above, the trial court granted the special motion to strike to the extent D&M sought to predicate the malpractice claim on allegations that Daneshrad filed a notice of lien for improper purposes. The court struck allegations in paragraphs 8 and 11 of the complaint accordingly.

informed of developments in the case, and dismissing and releasing parties who had liability without obtaining D&M's informed consent. These allegations arise from Daneshrad's alleged legal malpractice and not from petitioning activity protected under the anti-SLAPP statute. (See *Kolar, supra*, 145 Cal.App.4th at p. 1540 ["A malpractice claim focusing on an attorney's incompetent handling of a previous lawsuit does not have the chilling effect on advocacy found in malicious prosecution, libel, and other claims typically covered by the anti-SLAPP statute. In a malpractice suit, the client is not suing because the attorney petitioned on his or her behalf, but because the attorney did not competently represent the client's interests while doing so. Instead of chilling the petitioning activity, the threat of malpractice encourages the attorney to petition competently and zealously. This is vastly different from a third party suing an attorney for petitioning activity, which clearly could have a chilling effect"].)

Accordingly, we conclude Daneshrad failed to meet his burden under the anti-SLAPP statute's first prong to demonstrate D&M's complaint arises from petitioning activity, with the exception of the allegations regarding the filing of the notice of lien underlying the malpractice cause of action. The trial court, therefore, properly denied Daneshrad's motion to strike the entire complaint and, instead, struck only the allegations that Daneshrad improperly filed a notice of lien in support of the first cause of action for legal malpractice.

8

## DISPOSITION

The order is affirmed. D&M is awarded its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, J.

We concur:

COLLINS, Acting P.J.

STONE, J.*

---

*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6, of the California Constitution.

9