Filed 12/24/24  Gettel v. Glock-Grueneich CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| STEPHEN GETTEL, Plaintiff and Respondent, v. RAYMOND C. GLOCK-GRUENEICH, Defendant and Appellant. | H050569 (Santa Cruz County Super. Ct. No. 21CV01912) |

Stephen Gettel sued his former attorney, Kathleen Wells, and her paralegal, Raymond C. Glock-Grueneich, for breach of contract, professional negligence and negligence.  Glock-Grueneich appeals an order denying his special motion to strike under the anti-SLAPP statute (Code Civ. Proc., § 425.16).  For the reasons explained here, we will affirm the order.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The following factual summary is taken from the complaint and the parties' supporting declarations and documents.  Gettel hired Wells to represent him in a contract dispute brought by John M. Saich and Nichole L. Saich in Santa Clara County Superior Court.  In lieu of answering the Saiches' complaint, Gettel moved to quash service of process.

Gettel applied to remove the motion to quash from the trial court's law and motion calendar on the ground that additional discovery was required.  The trial court granted Gettel's application.  Gettel then moved to issue a non-statutory subpoena, which the trial

court denied for lack of jurisdiction, finding Gettel had abandoned the motion to quash by taking it off calendar. After Gettel failed to answer the complaint, the Saiches obtained a default judgment.

While the Santa Clara County lawsuit was pending, Gettel initiated two separate actions in Santa Cruz County Superior Court against the Saiches for abuse of process and against their attorney for conspiracy to commit abuse of process. Gettel alleged the Saiches maliciously brought their action in the wrong venue to obtain a "home court" advantage for their Santa Clara County attorney and to force Wells, Gettel's attorney based in Santa Cruz, to travel to court in Santa Clara County. In response, the Saiches and their attorney filed successful anti-SLAPP motions, which this Court affirmed. (*Gettel v. Paetkau*, Sept. 10, 2021, H047552, H047553) [nonpub. opn.].)

Gettel then commenced this action against Wells and Glock-Grueneich in Santa Cruz County, alleging breach of contract, professional negligence, and negligence. As relevant to this appeal, the complaint alleged Glock-Grueneich is a disbarred attorney who improperly litigated Gettel's cases under the pretense of being Wells's paralegal, Wells merely " 'rubber stamped' " Glock-Grueneich's legal work without actually supervising him, and Wells never informed Gettel that Glock-Grueneich had been disbarred. The complaint also alleged that Wells and Glock-Grueneich committed malpractice in the Saiches' Santa Clara County lawsuit by failing to answer the complaint, resulting in a default judgment; by failing to move to set aside the default; by refusing to cooperate with Gettel's substitute counsel in seeking to set aside the default; by making and then effectively abandoning the motion to quash service of process (without informing Gettel that denial of the motion would subject Gettel to an attorney fees award); by failing to comply with discovery requests (resulting in imposition of sanctions against Gettel); and by failing to file a cross-complaint as Gettel had requested.

Wells and Glock-Grueneich moved to strike eight allegations in the complaint pursuant to Code of Civil Procedure section 425.16 (known as the anti-SLAPP statute,

2

SLAPP being an acronym for "Strategic Lawsuit Against Public Participation"). The trial court denied the motion, finding that all of the challenged allegations were "garden-variety" attorney malpractice allegations, and did not involve constitutionally protected speech or petition.[1]

## II. DISCUSSION

### A. THE ANTI-SLAPP STATUTE

Section 425.16 authorizes a special motion to strike claims arising from any act "in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." (§ 425.16, subd. (b)(1). Unspecified statutory references are to the Code of Civil Procedure.) Section 425.16, subdivision (e), sets forth four categories of protected activity: "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e).)

"Resolution of an anti-SLAPP motion involves two steps. First, the defendant must establish that the challenged claim arises from activity protected by section 425.16, and if the defendant makes this showing, the burden shifts to the plaintiff to demonstrate

---

[1] Glock-Grueneich has affirmatively waived appeal as to six of those allegations, and appeals only the ruling as to the allegations that (1) Wells failed to properly supervise Glock-Grueneich and merely " 'rubber-stamped' " his legal work (as alleged in paragraphs 6, 8, and 14 of the complaint), and (2) Wells abandoned the motion to quash (as alleged in paragraphs 16 and 17E of the complaint).

the merit of the claim by establishing a probability of success." (*Wittenberg v. Bornstein* (2020) 50 Cal.App.5th 303, 311 (*Wittenberg*).) If plaintiff cannot make that showing, the trial court must strike the cause of action. (*Integrated Healthcare Holdings, Inc. v. Fitzgibbons* (2006) 140 Cal.App.4th 515, 522.)

We review the trial court's order de novo and independently determine whether a cause of action is based on activity protected under the statute. (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788; *Jespersen v. Zubiate-Beauchamp* (2003) 114 Cal.App.4th 624, 629 (*Jespersen*).) "We review the parties' pleadings, declarations, and other supporting documents at this stage of the analysis only 'to determine what conduct is actually being challenged, not to determine whether the conduct is actionable.' " (*Castleman v. Sagaser* (2013) 216 Cal.App.4th 481, 491.)

## B. PLAINTIFF'S CAUSES OF ACTION DO NOT ARISE FROM PROTECTED ACTIVITY

" 'A claim arises from protected activity when that activity underlies or forms the basis for the claim.' " (*Wittenberg*, *supra*, 50 Cal.App.5th at p. 312.) " '[I]n ruling on an anti-SLAPP motion, courts should consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability.' " (*Ibid*.) The trial court ruled Glock-Grueneich's motion pertained to "garden-variety" legal malpractice allegations, not protected activity. Based on our independent review, we agree.

The legal malpractice, breach of contract and negligence causes of action in the complaint[2] arise from allegations that Wells improperly permitted Glock-Grueneich, a

---

[2] The elements of a legal malpractice action are " '(1) the duty of the attorney to use such skill, prudence, and diligence as members of his or her profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the breach and the resulting injury; and (4) actual loss or damage resulting from the attorney's negligence.' " (*Lynch v. Warwick* (2002) 95 Cal.App.4th 267, 270.) The elements of a breach of contract claim are: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." (*Salami v. Los Robles Regional Medical*

4

disbarred attorney, to litigate Gettel's cases without her supervision, and that they negligently mismanaged Gettel's motion to quash service and other aspects of the Saiches' Santa Clara County lawsuit. Importantly, Gettel did not sue defendants because *they* engaged in petitioning activities on their own or a third party's behalf, but rather because they were allegedly incompetent in handling *Gettel's* petitioning activity.

We are not persuaded by Glock-Grueneich's assertion that defendants' work on Gettel's motion to quash was protected activity. We acknowledge that " '[f]iling a lawsuit is an exercise of one's constitutional right of petition, and statements made in connection with or in preparation of litigation are subject to section 425.16.' " (*Wittenberg*, *supra*, 50 Cal.5th at p. 312.) But malpractice claims challenging "the competency of an attorney's legal services are not subject to section 425.16 because, in such cases, 'the client is not suing because the attorney petitioned on his or her behalf, but because the attorney did not competently represent the client's interests while doing so.' " (*Sprengel v. Zbylut* (2015) 241 Cal.App.4th 140, 154–155 (*Sprengel*); accord, *Kolar v. Donahue, McIntosh & Hammerton* (2006) 145 Cal.App.4th 1532, 1540 (*Kolar*); see *Yeager v. Holt* (2018) 23 Cal.App.5th 450, 457 ["a typical attorney malpractice suit is not subject to" section 425.16 (collecting cases)]; *Robles v. Chalilpoyil* (2010) 181 Cal.App.4th 566, 578–579 ["section 425.16 does not shield statements made on behalf of a client who alleges negligence in the defendant's representation of the client or breach of the duty of loyalty"] (*Robles*); *Jespersen, supra,* 114 Cal.App.4th at p. 632 [section 425.16 does not apply to "garden–variety attorney malpractice" action based on an attorney's failure to comply with discovery statutes and court orders].)

Clients do not bring malpractice suits "to deter the speech and petitioning activities done by their own attorneys on their behalf but rather to complain about the

---

*Center* (2024) 103 Cal.App.5th 1023, 1027, review granted Oct. 2, 2024, S286557.) The elements of a negligence cause of action are "duty; breach of duty; legal cause; and damages." (*Friedman v. Merck & Co.* (2003) 107 Cal.App.4th 454, 463.)

5

quality of their former attorneys' performance." (*PrediWave Corp. v. Simpson Thacher & Bartlett LLP* (2009) 179 Cal.App.4th 1204, 1227 (*Prediwave*).) Because a legal malpractice claim focuses on the allegedly incompetent handling of a previous matter, it does not present the prospective danger of chilling robust advocacy, unlike defamation, malicious prosecution, and similar claims often subject to dismissal under the anti-SLAPP statute. (*Kolar, supra*, 145 Cal.App.4th at pp. 1539–1540.) It is the parties, not their attorneys independently, who are exercising constitutional petitioning rights during litigation. Turning clients' "own constitutional right against them when they claim negligence and fraud" by an attorney "in the exercise of that right would be manifestly unfair and surely beyond the contemplation of the Legislature even in its mandate to construe [section 425.16] broadly." (*Robles, supra*, 181 Cal.App.4th at p. 580.)

C.       **GLOCK-GRUENEICH HAS FORFEITED HIS APPELLATE ARGUMENTS**

Glock-Grueneich argues this case presents an exception to the general rule that attorney malpractice actions are not subject to the anti-SLAPP statute: he asserts the case arises from Wells's refusal to file a declaration of fault in support of Gettel's motion to vacate his default. Glock-Grueneich contends Gettel's request for a declaration of fault—which Glock-Grueneich asserts Wells refused because she did not believe she acted negligently—potentially chilled the protected activity of filing the motion to quash.

Glock-Grueneich forfeited this argument by failing to assert it in the trial court. "Generally, issues not raised in the trial court cannot be raised for the first time on appeal," and we deem them forfeited. (*Wisner v. Dignity Health* (2022) 85 Cal.App.5th 35, 44.) "Although appellate courts have discretion to consider an issue in the first instance if it raises a question of law on undisputed facts, our Supreme Court has cautioned that such discretion should be exercised rarely and only in cases presenting an important legal issue." (*Id.* at pp. 44–45.)

Glock-Grueneich argued in the trial court that the motion to quash constituted protected activity under section 425.16, subdivision (e) ("any written or oral statement

6

made before a … judicial proceeding"). (Bold omitted.) Glock-Grueneich contends his appellate argument merely narrows his trial court arguments. But his request to augment the appellate record is an acknowledgement that this is a new argument not made in the trial court. His anti-SLAPP motion neither mentioned nor sought to strike the complaint's separate allegations regarding Wells's refusal to file a declaration of fault. Even if we were to consider the argument, it rests on the incorrect premise that moving to quash service of process on Gettel's behalf constituted protected activity. As we have discussed, Gettel did not sue defendants because they moved to quash service. Nor did he sue in order to deter the very petitioning activity undertaken on his own behalf. Rather, Gettel sued defendants because of their alleged failure to competently represent his interests while doing so. (*Sprengel*, *supra*, 241 Cal.App.4th at pp. 154–155; *PrediWave*, *supra*, 179 Cal.App.4th at p. 1227.)

## III. DISPOSITION

The order denying Glock-Grueneich's special motion to strike is affirmed. As the prevailing party, plaintiff is awarded his costs on appeal. (Cal. Rules of Court, rule 8.276(a).)

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Danner, J.

H050569
*Gettel v. Glock-Grueneich*