Filed 8/26/15  Kaqilo, Inc. v.Chou CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| KAQILO, INC., et al., | B256243 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BC513541) |
| v. | |
| CINDY CHOU, et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Maureen Duffy-Lewis, Judge.  Affirmed in part, reversed in part, and remanded.

Law Offices of Ray Hsu & Associates and Ray Hsu for Defendants and Appellants.

Law Offices of Paul P. Cheng, Paul P. Cheng and Peter Tran for Plaintiffs and Respondents.

_____

After a restaurant partnership soured, Kaqilo, Inc., Ren Yong Chen, and Mei Zhou (collectively plaintiffs) sued Yaping Shen, Chinchung (C.C.) Chou, and Cindy Chou (collectively defendants) for fraud, negligent misrepresentation, conspiracy, abuse of process, and breach of fiduciary duty.  Defendants moved to strike the complaint pursuant to Code of Civil Procedure section 425.16, the anti-SLAPP statute, arguing the lawsuit arose from Shen having earlier filed a wage claim with the Division of Labor Standards Enforcement.[1]  The trial court denied the motion, finding the gravamen of the complaint was not protected activity.  We conclude the cause of action for abuse of process arose from protected activity, but the others did not.  Accordingly, we affirm in part and reverse in part.

## BACKGROUND

The parties in this case agree on few, if any, of the underlying facts.  For purposes of this motion we accept as true the facts plaintiffs set forth in their complaint.  However, because those facts give a confusing picture of the dispute, we will also reference some allegations from defendants' cross-complaint, Shen's petition to the Division of Labor Standards Enforcement, and the moving and opposing papers below.  Nothing in this opinion should be construed as a resolution of a disputed issue of fact or as a determination that any facts are undisputed.

### A.    Shen's Labor Commission Claim

On August 30, 2011, Shen filed a claim with the Department of Industrial Relations, Division of Labor Standards Enforcement (DLSE), against Kaqilo, alleging Kaqilo (1) failed to pay her for any hours she worked as a waitress at its dba, a restaurant named P.P.Pop in Monterey Park, from February 16 to July 14, 2011, (2) failed to provide meal or rest breaks, (3) failed to pay split shift premiums, and (4) misappropriated her gratuities.  She sought damages in the amount of $15,240 plus penalties and interest.  Kaqilo opposed Shen's complaint, and the Labor Commissioner's

---

[1] Unspecified statutory references are to the Code of Civil Procedure.  SLAPP is an acronym for strategic lawsuit against public participation.  (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 71-72 & fn. 1 (*City of Cotati*).)

2

designee conducted a hearing on Shen's claims on May 9, 2013, at which Shen, Chen and Zhou testified. On July 1, 2013, the DLSE awarded Shen $57,129.38, expressly finding she was an employee of plaintiffs' business, not a partner in it.

**B.     Plaintiffs' Complaint**

On June 27, 2013, seven days after the DLSE hearing and four days before the award to Shen, plaintiffs sued defendants, alleging Shen and C.C. Chou had approached plaintiffs in 2011 with a proposal to partner in plaintiffs' restaurant, promising "their knowledge of the restaurant business would improve Kaqilo." Shen was therefore a partner in Kaqilo's business, not an employee. Plaintiffs "were shocked to learn that C.C. Chou and Shen" had filed a labor claim against them. (So far as we can discern on this record, only Shen filed a DLSE claim, against only Kaqilo.)

1.     Misrepresentation, "Conspiracy," and Breach of Fiduciary Duty

Plaintiffs allege Shen and C.C. Chou offered to help the business in exchange for a 50/50 division of the profits and liabilities and 50 percent of the outstanding shares of Kaqilo stock, which would be conveyed to Cindy Chou, their daughter. Plaintiffs allege Shen and C.C. Chou "tricked" them into making Cindy Chou a shareholder in Kaqilo because they "intended to defraud plaintiffs as well as the government" and "were embroiled in a lawsuit with their former employees." After five or six unprofitable months, Shen and C.C. Chou abandoned the business, after which Shen filed her labor claim. Shen and C.C. Chou thereafter "refused to acknowledge their relationship in Kaqilo," and Cindy Chou "refused to acknowledge herself as a named shareholder in the business, instead pushing off the responsibility onto her parents." Plaintiffs allege defendants "made a series of misrepresentations of material facts, with knowledge and intent to defraud in order to get plaintiffs to agree to allow defendants to help run the business." Plaintiffs "justifiably relied on the misrepresentations by defendants by accepting [their] proposal and working in good faith with [them]," and were "stunned" and "shocked to learn that C.C. Chou and Shen filed a labor commissioner lawsuit against" them. Plaintiffs repeat these facts three times in the complaint to support their

3

causes of action for fraud, negligent misrepresentation, conspiracy, and breach of fiduciary duty.[2]

### 2. Abuse of Process

In their cause of action for abuse of process, plaintiffs allege Shen instituted the DLSE claim "knowing full well that [she] was a shareholder in Kaqilo." C.C. and Cindy Chou were "aware of the actions of Shen and conspired with [her] in an intentional act to pressure plaintiffs because of the underlying shareholder dispute between all parties." Plaintiffs allege the DLSE action was improper because it ran "in contravention to the underlying purposes of the California Labor Commissioner." Because of it, "defendants are liable for damages in an amount according with proof."

## C. Defendants' Cross-Complaint

Defendants filed a cross-complaint on August 20, 2013, in which they denied the existence of any partnership or that they had abandoned plaintiffs' business. As amended, Shen and C.C. Chou alleged the business made over $500,000 a year, they were its employees—specifically wait staff, and their employment was terminated when they complained about not being paid.

## D. Special Motion to Strike

On the same day they filed their cross-complaint, defendants also moved to strike plaintiffs' complaint pursuant to section 425.16, arguing all causes of action arose from Shen's DLSE petition. Plaintiffs opposed the motion, arguing their lawsuit arose from the partnership dispute alleged in the complaint. In reply, defendants cited the several references in plaintiffs' complaint to Shen's wage and hour claims, arguing each cause of action arose from those claims.

---

[2] We express no opinion as to the adequacy of plaintiffs' allegations. Because "conspiracy" is not a cause of action, we need not address it further. (See *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal.4th 503, 510-511 ["Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasor a common plan or design in its perpetration"]; *Saunders v. Superior Court* (1994) 27 Cal.App.4th 832, 845 ["conspiracy to commit a tort is not a separate cause of action from the tort itself"].)

On April 3, 2014, the trial court denied defendants' anti-SLAPP motion, giving no reason, and awarded fees to neither side. Defendants appealed.

## DISCUSSION

### A. Legal Principles and Standard of Review

Section 425.16 provides, "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).) "'[A]ct in furtherance of a person's right of petition or free speech . . . includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law . . . ." (*Id.*, subd. (e).) Section 425.16 is to be construed broadly. (*Id.*, subd. (a).)

A cause of action arising from the defendant's litigation activity may be subject to a special motion to strike. (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056.) Litigation-related activity includes an administrative action in which the defendant exercises his or her constitutionally guaranteed right to petition for grievances. (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1115.)

We review the trial court's ruling de novo (*Grewal v. Jammu* (2011) 191 Cal.App.4th 977, 988), using a two-prong approach (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67). We determine first whether the moving party has made a threshold showing that the challenged cause of action arises from protected activity. (*Navallier v. Sletten*, *supra*, 29 Cal.4th at p. 88.) If the moving party meets this burden, we determine whether the opposing party has established a probability of prevailing on the claim. (*Ibid.*) "Only a cause of action that satisfies *both* prongs of the

5

anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute." (*Id.* at p. 89.)

Simply because a lawsuit was filed after protected activity took place does not necessarily mean the action arose from the protected activity, even if the activity triggered the suit. (*City of Alhambra v. D'Ausilio* (2011) 193 Cal.App.4th 1301, 1307.) In determining whether the threshold "arising from" requirement is met, we look for "the *principal thrust or gravamen* of plaintiff's cause of action." (*Martinez v. Metabolife Internat., Inc.* (2003) 113 Cal.App.4th 181, 188.) "Although a party's litigation-related activities constitute 'act[s] in furtherance of a person's right of petition or free speech,' it does not follow that any claims associated with those activities are subject to the anti-SLAPP statute. To qualify for anti-SLAPP protection, the moving party must demonstrate the claim 'arises from' those activities. A claim 'arises from' an act when the act ""forms the basis for the plaintiff's cause of action' . . . ."' [Citation.] '[T]he "arising from" requirement is not always easily met.' [Citation.] A cause of action may be 'triggered by' or associated with a protected act, but it does not necessarily mean the cause of action *arises* from that act." (*Kolar v. Donahue, McIntosh & Hammerton* (2006) 145 Cal.App.4th 1532, 1537.) Thus, "[t]he anti-SLAPP statute's definitional focus is not the form of the plaintiff's cause of action but, rather, the defendant's *activity* that gives rise to his or her asserted liability – and whether that activity constitutes protected speech or petitioning." (*Navallier v. Sletten*, *supra*, 29 Cal.4th at p. 92.)

An anti-SLAPP motion may challenge an individual cause of action in a plaintiff's complaint. (*City of Colton v. Singletary* (2012) 206 Cal.App.4th 751, 770.)

**B.     The Gravamen of Plaintiffs' Complaint**

1.     Three Causes of Action Arose From Unprotected Activity

Defendants argue plaintiffs' causes of action arose from Shen having filed a DLSE wage claim, as no other rationale stated in the complaint would support them. Plaintiffs argue their causes of action for fraud, negligent misrepresentation, and breach of fiduciary duty arose from defendants' failure to perform in accordance with an oral

6

partnership agreement and their abandonment of the business, not from Shen's wage claim, even though each cause of action mentions the claim.

Although the complaint was filed soon after the DLSE hearing on Shen's wage claim occurred, and mentions the DLSE action several times, plaintiffs' causes of action for fraud, negligent misrepresentation and breach of fiduciary duty allege an independent basis for liability: Defendants' misrepresentations with respect to a partnership and their failure to perform partnership duties. The lawsuit thus arises from these torts, even if Shen's wage claim triggered it. It is of no moment that the complaint's stated rationale fails to establish liability, as the question under the first prong of the SLAPP analysis is whether the complaint arose from protected activity, not whether it legally suffices. (See *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1123 [the second prong of SLAPP analysis examines whether a claim is legally sufficient].)

We conclude the trial court correctly found plaintiffs' causes of action for fraud, negligent misrepresentation and breach of fiduciary duty arose from unprotected activity. We need not determine whether a probability exists that plaintiffs will prevail on them.

2.       The Abuse of Process Cause of Action Arose From Protected Activity

Defendants argue the cause of action for abuse of process is expressly based solely on Shen's wage claim. We agree. Plaintiffs allege defendants conspired to bring Shen's DLSE claim in an effort to "pressure plaintiffs because of the underlying shareholder dispute between the parties." Plaintiffs' theory appears to be that defendants used Shen's wage claim to distract or delay them from filing a lawsuit regarding the partnership dispute. Because plaintiffs alleged defendants used the claim for this improper purpose, their cause of action for abuse of process is based directly on that claim. We therefore proceed to the second prong of the anti-SLAPP analysis.

C.      **Probability of Prevailing on the Merits**

Under the second prong of the anti-SLAPP analysis the burden shifts to the plaintiffs, who must establish a probability of prevailing on their claims. (§ 425.16, subd. (b)(1).) To establish a probability of prevailing, the plaintiffs "must demonstrate that the complaint is both legally sufficient and is supported by a prima facie showing of facts

7

sufficient to sustain a favorable judgment." (*Navallier*, *supra*, 29 Cal.4th at pp. 88-89.) We accept as true all "competent and admissible evidence." (*Tuchscher Development Enterprises, Inc. v. San Diego Unified Port Dist.* (2003) 106 Cal.App.4th 1219, 1236.)

Plaintiffs flatly fail to meet their burden. First, their abuse of process cause of action is legally deficient. "To succeed in an action for abuse of process, a litigant must establish that the defendant (1) contemplated an ulterior motive in using the process, and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings." (*JSJ Limited Partnership v. Mehrban* (2012) 205 Cal.App.4th 1512, 1522.) "Process" is the "means of compelling a defendant to appear in court" or the "means whereby a court compels compliance with its demands." (*Meadows v. Bakersfield Sav. & Loan Ass'n* (1967) 250 Cal.App.2d 749, 753.) The tort of abuse of process arises when one uses "the machinery of the legal system for an ulterior motive." (*Trear v. Sills* (1999) 69 Cal.App.4th 1341, 1359.) "Because the purpose of the tort is 'to preserve the integrity of the court,' it 'requires misuse of a *judicial* process . . . .' [Citation.] The tort therefore does not extend to misuse of administrative proceedings, even those involving agencies with '"quasi-judicial" powers . . . .'" (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1014.) Shen's DLSE claim involved administrative, not court proceedings. It therefore cannot serve as the predicate for plaintiffs' cause of action for abuse of process.

On the merits, plaintiffs' argue their cause of action has a probability of prevailing because there is evidence—Chen's and Zhou's testimony at the DLSE hearing—that Shen was a Kaqilo partner, not a restaurant employee. Furthermore, plaintiffs argue, the stock purchase agreement and defendants' own declarations show Cindy Chow received 50 percent of Kaqilo stock four days before her parents started working for the restaurant, but never worked there herself. Plaintiffs offer no explanation how these facts establish defendants misused the DLSE proceedings for an improper purpose, and we can discern none. The cause of action for abuse of process must therefore be stricken.

8

**DISPOSITION**

The clerk of the superior court is ordered to vacate its order denying defendants' special motion to strike and enter a new order granting the motion as to plaintiffs' cause of action for abuse of process and denying it otherwise.  Each side is to bear its own costs on appeal.

NOT TO BE PUBLISHED.


CHANEY, Acting P. J.


We concur:


LUI, J.


MOOR, J.[*]

_____

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.