Filed 7/16/21  Mende v. Balter CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| ROGER MENDE, | B303860 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC715117) |
| v. | |
| JONI BALTER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Brenda J. Penny, Judge.  Reversed and remanded with directions.

Schindler Eyrich, John F. Eyrich for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

## INTRODUCTION

Joni Balter appeals the order denying her special motion to strike (Code of Civ. Proc.,[1] § 425.16) a first amended complaint filed by Roger Mende. Balter argues the trial court erred in denying her motion because Mende's first amended complaint arises from activity protected by section 425.16, namely a probate lawsuit Balter filed to settle her deceased sister's estate and Balter's statements and conduct as special administrator of the estate. Balter also argues the litigation privilege bars Mende's causes of action and Mende therefore cannot show a probability of prevailing on his claims. We reverse.

## FACTUAL AND PROCEDURAL HISTORY

Balter's sister Margie Balter died of cancer in October 2017.[2] Mende alleges Margie was his "life partner of almost twenty-five years." Since Margie's death, Balter and Mende have been adverse in at least three lawsuits: a probate action, an unlawful detainer action, and this civil action.

### A. *The Probate Case*

Balter filed a probate petition in Los Angeles Superior Court on January 19, 2018. The petition sought to admit Margie's June 7, 2016 will to probate and Balter's appointment as special administrator of Margie's estate. Balter alleged Margie's June 7, 2016 will left Margie's Los Angeles condominium to Balter and Mende. On April 3, 2018 the court

---

[1]     Unless otherwise designated all statutory references are to the Code of Civil Procedure.

[2]     For clarity, we refer to Margie Balter by her first name and Joni Balter by her last name.

appointed Balter special administrator of the estate with authority "to marshal [Margie's] bank accounts, to pay any estate obligations, and to deal with tax issues, if any."

Mende filed a competing probate petition in pro per on April 16, 2018 seeking to admit a will dated October 8, 2017 to probate. Mende contended the October 8, 2017 will left Margie's condominium to Mende alone.

On July 31, 2018 the court expanded Balter's authority as special administrator to include the "additional powers" to "take title to and maintain possession of" Margie's condominium, and to "handle the month to month tenancy of the Estate's condominium . . . with Roger Mende." The order further provided: "Roger Mende is to pay the fair rental value in a timely manner in a month to month tenancy if he is to reside in the condominium of the decedent. If Roger Mende fails to pay as agreed upon with the Special Administrator, then the Special Administrator may take any necessary actions to protect the estate."

B.     *The Civil Case*

After Balter and Mende filed their competing probate petitions, Mende filed this civil action in pro per against Balter on July 25, 2018. Mende filed the operative first amended complaint on October 18, 2018. In his prefatory allegations in the first amended complaint, Mende alleges that before Margie's death Balter harassed and intimidated Margie about her career choices and business projects, her cancer treatments, and her

3

diet. Mende also alleges Balter did not help Margie care for Balter's and Margie's elderly parents.[3]

Mende alleges causes of action against Balter for negligence, misrepresentation, fraud, conspiracy, harassment, intentional infliction of emotional distress, "defamation of character and slander," interference with contract, interference with prospective economic advantage, breach of the covenant of quiet enjoyment, and quiet title. Mende alleges Balter was negligent in her conduct as special administrator of Margie's estate, including by carelessly closing Margie's bank accounts and collecting paperwork from Margie's condominium; failing to make a claim on the estate's behalf against a deceased friend's estate; failing to transfer the condominium's grant deed to Mende; improperly filing the June 7, 2016 will in the probate case; failing to locate the alleged October 8, 2017 will; and generally handling her special administrator duties poorly.

In his misrepresentation, fraud, and conspiracy causes of action, Mende alleges Balter misrepresented to Mende her special administrator status, duties, and authority, and falsely told Mende she had unsuccessfully searched Margie's condominium for the alleged October 8, 2017 will. Mende alleges Balter harassed and inflicted emotional distress on him by "failing to properly and exhaustively search for Margie's final will and thereafter submitting an old will to the court," telling him the condominium would be sold, exaggerating the scope of her special administrator authority, "misrepresenting or hiding to [*sic*] the court the status of certain accounts," "handl[ing] the

---

[3] Mende named a second defendant (Abby Rich) in the first amended complaint. Mende dismissed the first amended complaint against Rich on May 2, 2019.

4

estate in such a way as to create chaos and difficulties," and using her special administrator position to treat Mende badly.

Mende alleges Balter defamed him by telling Mende's unidentified "friends and associates" that Mende "was an insane squatter and impossible to deal with," and "could never afford to stay in the [c]ondo, or ever make sufficient money to do so." Mende also alleges Balter made rude comments about his business acumen.

Mende alleges Balter interfered with alleged contracts between Margie and Mende to produce films and to permit Mende to remain in the condominium by telling Mende he could not use the condominium for film production, telling Mende he must move out of the condominium, "giving [Mende] thirty day[s'] notice to vacate" the condominium, and taking other actions related to selling the condominium. Mende alleges these same statements and conduct also constituted interference with prospective economic advantage and interfered with Mende's quiet enjoyment of the condominium.

Mende alleges a quiet title cause of action based on his contentions the June 7, 2016 will is invalid; Margie left him the condominium in the alleged October 8, 2017 will; Balter "mistakenly or fraudulently filed th[e] old will with the probate court"; Balter did not "properly list[ ] [Mende's] joint-tenancy as part of the probate proceeding"; and Balter "beg[a]n making moves" indicating she intended to file an unlawful detainer action against Mende, and said "in open court (probate) that it is her intention to file unlaw[ful] detainer against" Mende. Mende alleges he "properly filed Margie's final will with the probate court," and because Margie and Mende allegedly held the condominium "as joint tenants[,] the property should have passed

5

to [Mende] upon Margie's death and is not subject to the authority of [the] [p]robate [court]."

Mende seeks $2.25 million in damages on his negligence cause of action, $1.5 million on his conspiracy cause of action, and $1.25 million on each of his causes of action for misrepresentation, fraud, harassment, intentional infliction of emotional distress, defamation, interference with contract, interference with prospective economic advantage, and breach of the covenant of quiet enjoyment. Mende also seeks a judgment that he owns the condominium "in fee simple."

C.    *The Unlawful Detainer Case*

On October 29, 2018, shortly after Mende filed his first amended complaint in the civil action, Balter, in her capacity as special administrator of Margie's estate, filed an unlawful detainer action against Mende seeking to evict him from the condominium. The unlawful detainer complaint alleged Mende had been served with a 30-day notice to quit on September 19, 2018, and that Balter had not charged Mende rent for more than three months. On January 18, 2019 the trial court overruled Mende's demurrer to the unlawful detainer complaint.[4]

D.    *Balter Files a Demurrer and a Special Motion To Strike in the Civil Case*

On December 4, 2018 Balter filed a demurrer to Mende's first amended complaint, followed on December 24, 2018 by a special motion to strike the first amended complaint pursuant to

---

[4]    Mende appealed the trial court's order overruling his demurrer to Balter's unlawful detainer complaint. On June 18, 2020 this court dismissed Mende's appeal for failure to file an opening brief.

section 425.16. Balter argued in her special motion to strike that each of Mende's causes of action arose from acts in furtherance of Balter's rights of petition and free speech within the meaning of section 425.16, specifically Balter's statements and conduct in connection with the probate case. Balter further argued the litigation privilege in Civil Code section 47, subdivision (b), barred Mende's causes of action, and Mende therefore could not establish a probability of prevailing on his claims. Balter sought judicial notice of several documents and orders filed in the probate case.

Mende argued in opposition that Balter had not provided him proper notice of the special motion to strike. Mende acknowledged that "some of [Balter's] speech, actions and conduct . . . may be protected under free speech and petition before a judicial body," but "the majority of [Balter's] conduct, actions and statements are so outrageous that they fall outside the protections of free speech and petition before the court." Mende argued his allegations showed a probability he would prevail on the merits of his claims. Mende sought judicial notice of various documents and declarations filed in the probate case together with their attached exhibits, which included correspondence, medical records, and a photograph of a human foot.

Mende filed a supplemental opposition to the special motion to strike on February 4, 2019. Mende argued the motion was untimely, and Balter's statements and conduct did not constitute protected activity. Balter filed her reply in support of the special motion to strike on February 5, 2019.

7

E.   *The Superior Court Deems the Civil Case and the Unlawful Detainer Case Related to the Probate Case*

On February 5, 2019, the same day Balter filed her reply in support of the special motion to strike, the superior court[5] issued an order deeming the civil case and the unlawful detainer case related to the probate case pursuant to California Rules of Court, rule 3.300. The court ordered the civil case and the unlawful detainer case reassigned to the judge presiding over the probate case,[6] and vacated all existing hearing dates in the civil and unlawful detainer cases, including the hearing on Balter's special motion to strike.

F.   *The First Hearing on the Special Motion To Strike*

On April 2, 2019, Mende filed a second supplemental opposition to Balter's special motion to strike. Mende again argued Balter had not provided proper notice of the motion, and further argued Balter had attempted to exploit Mende's medical conditions to gain a litigation advantage.

The court held a hearing on the demurrer and the special motion to strike on July 25, 2019. The court issued an oral tentative ruling denying the special motion to strike on the ground that Balter "failed to satisfy her burden in showing that the [first amended] complaint and its causes of action arise from protected activity." After hearing argument, the court continued the hearing on the demurrer and the special motion to strike to October 22, 2019.

---

[5]   Judge Samantha Jessner.

[6]   Judge Brenda J. Penny.

8

On September 10, 2019 the court on its own motion ordered supplemental briefing on the special motion to strike. The court ordered Balter to submit a supplemental brief "identifying with citations to the complaint the protected conduct," and ordered Mende to respond to Balter's supplemental brief. Balter's September 25, 2019 supplemental brief identified numerous paragraphs of the first amended complaint that Balter contended constituted protected activity.[7]

On October 17, 2019 Mende responded to Balter's supplemental brief. Mende argued the first amended complaint did not arise from protected activity because Balter's statements and conduct predated Balter's appointment as special administrator, Balter's statements and conduct were "so outrageous" they could not be protected activity, and Mende had sufficiently pleaded his causes of action which showed a probability of prevailing on them.

G.    *The Ruling in the Probate Case*

A court trial in the probate case occurred over three days between May and July 2019. On October 22, 2019 the court issued a statement of decision granting Balter's petition to admit Margie's June 7, 2016 will to probate, and denying with prejudice Mende's petition to admit the October 8, 2017 will to probate.[8]

---

[7]    Balter also stated in her supplemental brief that at some unspecified earlier time Mende had vacated the condominium.

[8]    On October 10, 2019 the trial court issued its proposed statement of decision in the probate case, a copy of which is in the appellate record. Pursuant to Evidence Code section 452, subdivision (d), and section 459, subdivision (a), we take judicial notice of the trial court's October 22, 2019 final statement of decision.

9

The court found "no credible evidence to support a finding that the [October 8, 2017] will is admissible to probate." The court concluded Margie had not signed the alleged October 8, 2017 will, Margie's signature on the October 8, 2017 will had been "created 'by pigment from a printer,'" and the October 8, 2017 will was unwitnessed. The court found Balter's testimony about her receipt of the June 7, 2016 will "truthful and credible," and Mende's testimony that Margie "wanted him to have the condo" not credible. The court found Mende's trial testimony "inconsistent, self-serving, evasive, contradictory and not believable."[9]

H. *The Second Hearing on the Special Motion To Strike and the Trial Court's Ruling*

At the October 22, 2019 hearing on the demurrer and the special motion to strike, the trial court issued an oral tentative ruling granting in part Balter's special motion to strike:

> "[Balter] largely fails to satisfy her burden in showing the [first amended] complaint and causes of action arise from protected activity. At most, the subject causes of action appear to be mixed in the causes of action containing allegations of both protected and unprotected activity. [Balter's] actions as special administrator do not automatically fall under the category of protected activity.
>
> "Moreover, much of the alleged conduct occurred before [Balter] even petitioned the court.

---

[9] Mende appealed the trial court's order admitting Margie's June 7, 2016 will to probate. On September 9, 2020 this court dismissed Mende's appeal for failure to file an opening brief.

10

The liability of this conduct is also largely based on actions taken, not communications, and [Balter] has not shown sufficient anticipation of litigation.

"However, in her supplement, [Balter] does identify certain activity that would qualify as protected activity. Specifically, [Balter's] actions in court such as filing petitions for probate would be protected activity. [Mende] has failed to show minimal merit regarding the portions of causes of action based on liability for such action in light of the litigation privilege.

"Accordingly, the court strikes the subject complaint causes of action insofar as they are based upon liability for communications or actions taken in court in these proceedings. Specifically, the court strikes these portions identified in [Balter's] supplement[:] [¶] Paragraph 85 [in] its entirety. Paragraph 135, page 30, lines 3 through 6. Paragraph 163 in its entirety. Paragraph 172, page 37, lines 2 to 5. Paragraph 220, page 48, lines 23 and 24. And paragraph 236 in its entirety. [¶] The motion is otherwise denied."

After hearing argument, the court took the demurrer and the special motion to strike under submission.

On November 21, 2019 the trial court issued its order denying Balter's special motion strike, finding that Balter "failed to carry her burden to make [a] prima facie showing that [Mende's] claims arise from protected activity."[10] The trial court

---

[10] The trial court did not rule on either Balter's or Mende's request for judicial notice.

11

sustained with leave to amend Balter's demurrer to Mende's causes of action for negligence, conspiracy, interference with prospective economic advantage, and breach of the covenant of quiet enjoyment. The court overruled the demurrer to the other causes of action.

Balter timely appealed the order denying her special motion to strike.

## DISCUSSION

A.    *Applicable Law and Standard of Review*

Section 425.16, subdivision (b)(1), provides, "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

In ruling on a motion under section 425.16, the trial court engages in a two-step process. "First, the defendant must establish that the challenged claim arises from activity protected by section 425.16. [Citation.] If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384 (*Baral*); accord, *Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1061 (*Park*).) "Only a cause of action that satisfies both prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning and lacks even minimal

12

merit—is a SLAPP, subject to being stricken under the statute."[11] (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89 (*Navellier*), italics omitted.)

We review de novo an order granting or denying a special motion to strike under section 425.16 (*Wilson v. Cable News Network* (2019) 7 Cal.5th 871, 884 (*Wilson*); *Sweetwater Union High School Dist. v. Gilbane Building Co.* (2019) 6 Cal.5th 931, 940 (*Sweetwater*); *Park, supra*, 2 Cal.5th at p. 1067), considering the parties' pleadings and affidavits describing the facts on which liability or defenses are predicated. (§ 425.16, subd. (b)(2); see *Navellier, supra*, 29 Cal.4th at p. 89.)

B.    *The Trial Court Erred in Denying Balter's Special Motion To Strike*

1.    *Mende's causes of action arise from protected activity*

Pursuant to section 425.16, subdivision (e), an "'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, [and] (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law."

Filing a lawsuit is an act in furtherance of the constitutional right of petition, regardless of whether it has merit. (*Trapp v. Naiman* (2013) 218 Cal.App.4th 113, 120; see also *Newport Harbor Offices & Marina LLC v. Morris Cerullo*

_____

[11]    SLAPP is an acronym for "strategic lawsuit against public participation." (*Park, supra*, 2 Cal.5th at p. 1060.)

13

*World Evangelism* (2018) 23 Cal.App.5th 28, 45 ["An unlawful detainer action and service of notices legally required to file an unlawful detainer action are protected activity within the meaning of section 425.16."].)  Balter's filing of the probate and unlawful detainer cases, and her service on Mende of a 30-day notice to quit as a necessary precursor to the unlawful detainer case, are activities protected by section 425.16.

Balter's statements and conduct in connection with the probate case are also protected activities.  Section 425.16 is "'construed broadly'" (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1119 (*Briggs*)), and courts have adopted "a fairly expansive view of what constitutes litigation-related activities within the scope of section 425.16." (*Kashian v. Harriman* (2002) 98 Cal.App.4th 892, 908 (*Kashian*); see § 425.16, subd. (a).)  "[A] statement is 'in connection with' litigation under section 425.16, subdivision (e)(2), if it relates to the substantive issues in the litigation and is directed to persons having some interest in the litigation."  (*Neville v. Chudacoff* (2008) 160 Cal.App.4th 1255, 1266; accord, *Briggs*, at pp. 1114-1115; *Bergstein v. Strook & Strook & Lavan LLP* (2015) 236 Cal.App.4th 793, 803-804 (*Bergstein*); *Kolar v. Donahue, McIntosh & Hammerton* (2006) 145 Cal.App.4th 1532, 1537 (*Kolar*) ["protection for petitioning activities applies not only to the filing of lawsuits, but extends to conduct that relates to such litigation, including statements made in connection with or in preparation of litigation"].)

Balter's alleged statements and conduct after Margie's death related to Margie's will and estate and to Balter's position as special administrator of the estate.  The alleged statements and conduct concerned subjects at issue in the probate case,

14

including the competing wills filed by Balter and Mende, the ownership and disposal of Margie's condominium, and Balter's management of Margie's bank accounts, documents, and business affairs in her capacity as the estate's court-appointed special administrator. Further, Mende alleges Balter directed her statements and conduct at Mende, who plainly had an interest in the probate case, the outcome of which would determine whether Mende owned Margie's condominium alone or jointly with Balter. Balter's alleged statements and conduct regarding the probate case are protected activities under section 425.16.[12]

Mende's causes of action arise from Balter's protected activity. "A claim arises from protected activity when that activity underlies or forms the basis for the claim." (*Park*, *supra*, 2 Cal.5th at pp. 1062-1063.) Thus, "[t]he defendant's first-step burden is to identify the activity each challenged claim rests on

---

[12]     Balter filed the probate case three months after Margie's death, and the court shortly thereafter appointed Balter special administrator. Mende argued in the trial court that Balter's alleged statements and conduct could not constitute protected activities because they predated her appointment as special administrator. Mende does not identify specific dates on which Balter's alleged statements and conduct occurred. It is clear from the allegations, however, that the statements and conduct on which Mende bases his causes of action occurred after Margie died. "'[C]ommunications preparatory to or in anticipation of the bringing of an action or other official proceeding'" are protected by section 425.16. (*Briggs*, *supra*, 19 Cal.4th at p. 1115; see also *Kolar*, *supra*, 145 Cal.App.4th at p. 1537.) Even if some of Balter's alleged statements and conduct occurred in the three months between Margie's death and Balter's filing of the probate case, they were clearly in anticipation of the contemplated probate lawsuit.

and demonstrate that that activity is protected by the anti-SLAPP statute. A 'claim may be struck only if the speech or petitioning activity itself is the wrong complained of, and not just evidence of liability or a step leading to some different act for which liability is asserted.'" (*Wilson*, *supra*, 7 Cal.5th at p. 884; accord, *Park*, at p. 1060.)

Balter's probate petition and her statements and conduct as the special administrator of Margie's estate underlie each of Mende's causes of action. Mende's negligence, misrepresentation, fraud, conspiracy, harassment, intentional infliction of emotional distress, and quiet title causes of action premise Balter's alleged liability on her filing of the June 7, 2016 will in the probate case—the will that left Margie's condominium to Mende and Balter together rather than to Mende alone. Mende also alleges Balter acted negligently as the estate's special administrator, including in her handling of the estate's bank accounts and paperwork—duties specifically authorized by the court's April 3, 2018 order appointing Balter as special administrator. Mende's negligence, harassment, intentional infliction of emotional distress, defamation, interference with contract, interference with prospective economic advantage, breach of the covenant of quiet enjoyment, and quiet title causes of action each allege Balter is liable based on her statements and conduct related to her management of the condominium in her role as the estate's special administrator. Mende's interference with contract, interference with prospective economic advantage, breach of the covenant of quiet enjoyment, and quiet title causes of action also allege as additional grounds for liability Balter's statements and conduct related to the unlawful detainer case Balter filed to evict Mende from the condominium, including Balter's service on

16

Mende of a 30-day notice to quit and her statements in the probate case that she intended to file an unlawful detainer action against Mende.

In sum, Mende sought in the civil case to impose liability on Balter for filing the probate case, for Balter's efforts in the probate case to admit the June 7, 2016 will to probate, and for Balter's management of Margie's estate as the court-appointed special administrator. The trial court erred in concluding Balter had not demonstrated Mende's causes of action arose from protected activity.

2. *The litigation privilege bars Mende's causes of action*

Because the trial court concluded Balter failed to satisfy the first step of the section 425.16 analysis, the court did not reach the question of whether Mende showed a probability he would prevail on his claims. We may nevertheless address that question as it is subject to independent review. (*Roberts v. Los Angeles County Bar Assn.* (2003) 105 Cal.App.4th 604, 615-616.)

If the defendant makes a prima facie showing that the plaintiff's claims arise from constitutionally protected petitioning or free speech activity, the burden shifts to the plaintiff to establish, with admissible evidence, a probability of prevailing on the causes of action challenged by the anti-SLAPP motion. (§ 425.16, subd. (b); *Sweetwater, supra,* 6 Cal.5th at p. 940; *Baral, supra,* 1 Cal.5th at p. 384.) At the second step, the burden is on the plaintiff to show that he has "stated and substantiated a legally sufficient claim." (*Briggs, supra,* 19 Cal.4th at p. 1123.) "The court does not weigh the evidence or resolve conflicting factual claims. Its inquiry is limited to whether the plaintiff has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment." (*Baral,* at

17

pp. 384-385.)  The second step of the section 425.16 analysis requires a plaintiff to establish separately a probability of prevailing on each distinct claim for relief:  "[T]he plaintiff must make the requisite showing as to each challenged claim that is based on allegations of protected activity."  (*Id.* at p. 392.)

The litigation privilege in Civil Code section 47 applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action."  (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 212 (*Silberg*).)  Prelitigation statements are protected under Civil Code section 47 when they are made in connection with a proposed litigation that is "contemplated in good faith and under serious consideration." (*Action Apartment Assn. v. City of Santa Monica* (2007) 41 Cal.4th 1232, 1251 (*Action Apartment*); see *Briggs*, *supra*, 19 Cal.4th at p. 1115 ["'communications preparatory to or in anticipation of the bringing of an action or other official proceeding are within the protection of the litigation privilege of Civil Code section 47, subdivision (b)'"]; *Kenne v. Stennis* (2014) 230 Cal.App.4th 953, 965 ["[b]ecause Civil Code section 47, subdivision (b)[,] protects any statements or writings that have 'some relation' to a lawsuit, communications made both during and in anticipation of litigation are covered by the statute"].)

"A threshold issue in determining if the litigation privilege applies is whether the alleged injury arises from a communicative act or noncommunicative conduct."  (*Action Apartment*, *supra*, 41 Cal.4th at p. 1248.)  "The distinction between communicative and noncommunicative conduct hinges on the gravamen of the action.  [Citations.]  That is, the key in

18

determining whether the privilege applies is whether the injury allegedly resulted from an act that was communicative in its essential nature." (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1058.) "[I]f the gravamen of the action is communicative, the litigation privilege extends to noncommunicative acts that are necessarily related to the communicative conduct." (*Id.* at p. 1065.) "[T]he filing of a legal action . . . by its very nature is a communicative act." (*Action Apartment*, at p. 1249; see *ibid.* ["We contemplate no communication that is more clearly protected by the litigation privilege than the filing of a legal action."].)

"The principal purpose of [Civil Code] section 47[, subdivision (b),] is to afford litigants . . . the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." (*Silberg*, *supra*, 50 Cal.3d at p. 213; accord, *Healy v. Tuscany Hills Landscape & Recreation Corp.* (2006) 137 Cal.App.4th 1, 5.) "The litigation privilege is absolute; it applies, if at all, regardless whether the communication was made with malice or the intent to harm. [Citation.] . . . [¶] If there is no dispute as to the operative facts, the applicability of the litigation privilege is a question of law. [Citation.] Any doubt whether the privilege applies is resolved in favor of applying it." (*Kashian*, *supra*, 98 Cal.App.4th at p. 913.)

Mende's causes of action against Balter are based on Balter's filing of the probate and unlawful detainer lawsuits, her alleged statements and conduct in those lawsuits, and her alleged statements and conduct in anticipation of filing those lawsuits. Statements and conduct regarding Margie's will and Balter's management of Margie's estate as the estate's special administrator logically relate to the object of the lawsuits— settling Margie's estate, including disposing of Margie's

condominium.  The litigation privilege thus provides a substantive defense to Mende's causes of action and bars the claims.  (See *Adams v. Superior Court* (1992) 2 Cal.App.4th 521, 529 [litigation privilege bars cause of action "provided that there is some reasonable connection between the act claimed to be privileged and the legitimate objects of the lawsuit in which the act took place"].)  Mende cannot meet his burden under the second step of the section 425.16 analysis of demonstrating a probability of prevailing on his claims.  (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 323 [litigation privilege "may present a substantive defense a plaintiff must overcome to demonstrate a probability of prevailing"]; *Bergstein, supra*, 236 Cal.App.4th at p. 814 ["'A plaintiff cannot establish a probability of prevailing [in responding to a special motion to strike] if the litigation privilege precludes the defendant's liability on the claim.'"].)[13]

---

[13]    Because we conclude Mende's causes of action are barred by Civil Code section 47, we need not consider whether Mende demonstrated a probability of prevailing on his causes of action based on an analysis of the elements of the claims.

## DISPOSITION

The order denying Balter's special motion to strike is reversed. The case is remanded to the trial court with directions to vacate the order denying Balter's special motion to strike, to enter a new order granting the special motion to strike, and to conduct proceedings as appropriate to determine costs and reasonable attorneys' fees, including attorneys' fees on appeal, to be awarded to Balter. (§ 425.16, subd. (c)(1).) Balter shall also recover her costs on appeal.

McCORMICK, J.[*]


We concur:


SEGAL, Acting P. J.


FEUER, J.

---

[*] Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.