Filed 8/4/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ALMA ALFARO et al., | 2d Civil No. B313842 |
| | (Super. Ct. No. 17CV02185) |
| Plaintiffs and Respondents, | (Santa Barbara County) |
| v. | |
| WATERHOUSE MANAGEMENT CORP. et al., | |
| Defendants and Appellants. | |

This case illustrates the principle that an anti-SLAPP motion lies only as to "*allegations of protected activity that are asserted as grounds for relief.*" (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 395 (*Baral*).) Here, the targeted cause of action mentions protected activity – the filing of a malicious prosecution action – but this activity is not asserted as a ground for relief. The grounds for relief are based on the violation of a statute – Civil Code section 1942.5, subdivision (d). The trial court properly denied appellants' anti-SLAPP motion and did not abuse its discretion in imposing sanctions for making a frivolous motion.

Appellant Waterhouse Management Corp. is the property manager of Nomad Village Mobile Home Park (the Park), a 150-

space mobile home park in Santa Barbara. Appellant Lazy Landing MHP, LLC, owns the long-term ground lease for the Park. Respondents are current and former lessees of mobile homes in the Park. They initially sued appellants for violations of the Mobilehome Residency Law (Civ. Code, § 798 et seq.) and the Mobilehome Parks Act (Health & Saf. Code, § 18200 et seq.), alleging failure to properly maintain the Park. While respondents' lawsuit (the original lawsuit) was pending, appellants filed a malicious prosecution action against respondents. (See *post* at pp. 4-5 and fn. 2.)

After the filing of appellants' malicious prosecution action, respondents amended their complaint in the original lawsuit to add an eleventh cause of action for unlawful retaliation in violation of Civil Code section 1942.5, subdivision (d). This cause of action alleged appellants had committed various acts in retaliation for respondents' participation in the original lawsuit and the exercise of their rights as lessees.

One of the mentioned acts was appellants' filing of the malicious prosecution action. Seizing on this reference to protected activity, appellants filed a special motion to strike respondents' entire eleventh cause of action as a SLAPP (Strategic Lawsuit Against Public Participation). (Code Civ. Proc., § 425.16.)[1] Appellants contended the cause of action arose out of respondents' allegations concerning the malicious prosecution action. As we will explain, these allegations "merely provide context, without supporting a claim for recovery . . . ." (*Baral, supra,* 1 Cal.5th at p. 394.) Respondents' claim for recovery arises out of their allegations of retaliation in violation

---

[1] Unless otherwise stated, all statutory citations are to the Code of Civil Procedure.

of Civil Code section 1942.5, subdivision (d), which does not apply to a lessor's retaliatory malicious prosecution action against a lessee.  Accordingly, we affirm.

*The Anti-SLAPP Statute*

"A court evaluates an anti-SLAPP motion in two steps. . . . [¶] . . . The defendant's first-step burden is to identify the activity each challenged claim rests on and demonstrate that that activity is protected by the anti-SLAPP statute."  (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 884 (*Wilson*).)  "A defendant satisfies the first step of the analysis by demonstrating that the 'conduct by which plaintiff claims to have been injured falls within one of the four categories described in subdivision (e) [of section 425.16]' [citation], and that the plaintiff's claims in fact *arise* from that conduct [citation].  The four categories in subdivision (e) describe conduct '"in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue."'  (§ 425.16, subd. (e).)"  (*Rand Resources, LLC v. City of Carson* (2019) 6 Cal.5th 610, 619-620.)  "At this stage, the question is only whether a defendant has made out a prima facie case that activity underlying a plaintiff's claims is statutorily protected . . . ."  (*Wilson*, *supra*, at p. 888.)

This is a "first-step" case.  Because appellants failed to carry their first-step burden, we do not reach the second step.

*The Eleventh Cause of Action*

"'As is true with summary judgment motions, the issues in an anti-SLAPP motion are framed by the pleadings.' [Citations.] Thus, the act or acts underlying a claim for purposes of an anti-SLAPP statute *is determined from the plaintiffs' allegations*."

3

(*Medical Marijuana, Inc. v. ProjectCBD.com* (2020) 46
Cal.App.5th 869, 883.)

The eleventh cause of action is entitled, "**UNLAWFUL
RETALIATION**." It alleges that appellants "have violated Civil
Code section 1942.5(d) by decreasing services, increasing rent,
causing [respondents] to quit involuntarily by interfering with
their peaceable enjoyment of their home and leasehold, bringing
an action to recover possession, and/or by threatening to do these
acts *in retaliation* for [respondents'] peaceful and lawful exercise
of their legal rights under the law." (Italics added.) Civil Code
section 1942.5, subdivision (d) provides: "[I]t is unlawful for a
lessor to increase rent, decrease services, cause a lessee to quit
involuntarily, bring an action to recover possession, or threaten
to do any of those acts, for the purpose of *retaliating* against the
lessee because the lessee has lawfully organized or participated
in a lessees' association or an organization advocating lessees'
rights or has lawfully and peaceably exercised any rights under
the law." (Italics added.)

The eleventh cause of action further alleges that, "*in
retaliation*" for respondents' filing "their original Complaint in
[the present] action," appellants "filed a separate malicious
prosecution action against" respondents.[2] (Italics added.)
Appellants "(1) served [respondents] with [section] 998 offers to

_____

[2] Appellants' malicious prosecution action consisted of four
causes of action. Appellants appealed from the trial court's order
granting respondents' anti-SLAPP motion as to the fourth cause
of action, which "alleged that [respondents] had maliciously
prosecuted an administrative proceeding before the California
Public Utilities Commission . . . ." (*Waterhouse Management
Corp. et al. v. Arthur A. Allen et al.* (Jan. 20, 2021, B303365), slip
opn. at pp. 1-2 [nonpub. opn].) We affirmed the order.

4

dismiss [the malicious prosecution] action for a waiver of fees and costs, and (2) offered to dismiss [the] action in exchange for a dismissal of [respondents'] claims . . . . [¶] . . . If [respondents] refused to dismiss their claims . . . , [appellants] would not dismiss their malicious prosecution action . . . and [they] would continue diverting resources intended for improving Park conditions and operations to litigation against [respondents] instead." Appellants "expressly threatened to evict" three respondents "in the event they did not dismiss their claims against [appellants] . . . ."

*Appellants' Anti-SLAPP Motion*

"[A]n anti-SLAPP motion may be directed to specific allegations of protected activity [within a cause of action] which constitute claims for relief but do not constitute an entire cause of action as pleaded." (*Newport Harbor Offices & Marina, LLC v. Morris Cerullo World Evangelism* (2018) 23 Cal.App.5th 28, 48.) Appellants' anti-SLAPP motion was not directed to specific allegations of protected activity within the eleventh cause of action. They moved "for an order striking the Eleventh Cause of Action . . . in its entirety under the Anti-SLAPP statute." Appellants argued: "[T]he entire bas[i]s of [respondents'] claims against [appellants] arise[s] from the filing of [the malicious prosecution] lawsuit against [respondents] and alleged settlement communications . . . ." Therefore, "the conduct alleged in the [eleventh cause of action] falls squarely within the conduct protected under [the anti-SLAPP statute], as protected activity in a judicial proceeding."

*Trial Court Ruling*

The trial court acknowledged "that the filing of a malicious prosecution action is protected activity" under the anti-SLAPP

5

statute. (See *Area 55, LLC v. Nicholas & Tomasevic, LLP* (2021) 61 Cal.App.5th 136, 151 [""""every claim of malicious prosecution is a cause of action arising from protected activity . . .""""].) Nevertheless, it denied the motion to strike because the eleventh "cause of action . . . [did] not arise from the malicious prosecution action." Instead, it arose from the alleged violation of Civil Code section 1942.5, subdivision (d), and "[t]he filing of a malicious prosecution action is not conduct that leads to liability under Civil Code section 1942.5." Thus, appellants failed to satisfy their "first-step burden" of demonstrating that the "challenged claim rests on . . . activity [that] is protected by the anti-SLAPP statute." (*Wilson, supra,* 7 Cal.5th at p. 884.)

The trial court reasoned: "[T]he conduct that leads to liability [under Civil Code section 1942.5, subdivision (d)] is actual or threatened increases in rent or decreases in services; conduct that cause[s] a lessee to quit involuntarily; or bringing an action to recover possession." "While the existence of the malicious prosecution action will undoubtedly provide evidentiary support for the claim [of unlawful retaliation in violation of Civil Code section 1942.5, subdivision (d)] . . . , an anti-SLAPP motion should be granted only if liability is based on speech or petitioning activity itself." "[N]either the malicious prosecution [action] nor the settlement discussions are liability producing activities under the [eleventh] cause of action."

*Standard of Review*

"A ruling on a section 425.16 motion is reviewed de novo. [Citation.] We review the record independently to determine whether the asserted cause of action arises from activity protected under the statute . . . ." (*Stewart v. Rolling Stone LLC* (2010) 181 Cal.App.4th 664, 675.)

*Appellants' Theory*

Appellants contend: "Respondents' Eleventh Cause of Action . . . is based upon [appellant's] alleged conduct in this litigation, their filing the malicious prosecution lawsuit against Respondents, and their alleged settlement communications in both actions. This is exactly the type of activity that the California Supreme Court has unequivocally held that the anti-SLAPP statute is meant to protect." "Without the allegations of protected conduct, Respondents have no claim."

*Litigation-Related Activity is Protected Activity*

"The anti-SLAPP protection for petitioning activities applies not only to the filing of lawsuits, but extends to conduct that relates to such litigation, including statements made in connection with or in preparation of litigation. [Citation.] Indeed, courts have adopted 'a fairly expansive view of what constitutes litigation-related activities within the scope of section 425.16.'" (*Kolar v. Donahue, McIntosh & Hammerton* (2006) 145 Cal.App.4th 1532, 1537; see also *Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1024 (*Bonni*) ["claims that arise out of the filing of a suit arise from protected activity for purposes of the anti-SLAPP statute"].) "Settlement negotiations while a suit is pending are likewise protected; they involve communications in connection with a matter pending before or under consideration by an official body, and so fall within the scope of section 425.16, subdivision (e)(2)." (*Ibid.*)

*Respondents' Claim for Relief in the Eleventh Cause of Action Does Not Arise from Litigation-Related Activity*

"Although litigation-related activities constitute protected activity, 'it does not follow that *any* claims associated with those activities are subject to the anti-SLAPP statute. To qualify

7

for anti-SLAPP protection, the moving party must [also] demonstrate the claim "arises from" those activities.'" (*ValueRock TN Properties, LLC v. PK II Larwin Square SC LP* (2019) 36 Cal.App.5th 1037, 1046.)

"A claim arises from protected activity when that activity underlies or forms the basis for the claim.  [Citations.] . . . [T]he focus is on determining what 'the defendant's activity [is] that gives rise to his or her asserted liability—and whether that activity constitutes protected speech or petitioning.'  [Citation.]" (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1062-1063.)

"A claim does not arise from constitutionally protected activity simply because it is triggered by such activity or is filed after it occurs."  (*World Financial Group, Inc. v. HBW Ins. & Financial Services, Inc.* (2009) 172 Cal.App.4th 1561, 1568.)  "To focus on [the plaintiff's] litigation tactics, rather than on the substance of [the plaintiff's] lawsuit, risks allowing [the defendant] to circumvent the showing expressly required by section 425.16, subdivision (b)(1) that an alleged SLAPP *arise from* protected speech or petitioning."  (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78.)

"When the Legislature declared [in the anti-SLAPP statute] that a 'cause of action' arising from activity furthering the rights of petition or free speech may be stricken unless the plaintiff establishes a probability of prevailing, it had in mind *allegations of protected activity that are asserted as grounds for relief.  The* targeted claim must amount to a 'cause of action' in the sense that it is alleged to justify a remedy."  (*Baral, supra*, 1 Cal.5th at p. 395.)

Respondents' eleventh cause of action is for unlawful retaliation. The alleged violation of Civil Code section 1942.5, subdivision (d) "amount[s] to a 'cause of action' [for unlawful retaliation] in the sense that it is alleged to justify a remedy." (*Baral, supra*, 1 Cal.5th at p. 395.) Civil Code section 1942.5, subdivisions (h)(1) and (2) provide that "[a]ny lessor . . . who violates this section shall be liable to the lessee in a civil action for" both actual and punitive damages.

Civil Code Section 1942.5, subdivision (d) does not apply to a lessor's retaliation against a lessee where the retaliation takes the form of the lessor's filing a malicious prosecution action against the lessee. The only action mentioned in the statute is "an action to recover possession . . . for the purpose of retaliating against the lessee . . . ." (*Ibid.*)

Civil Code section 1942.5, subdivision (j) provides, "The remedies provided by this section shall be in addition to any other remedies provided by statutory or decisional law." Appellants have not identified any remedy provided by statutory or decisional law for a lessor's retaliation against a lessee based on the lessor's filing of a malicious prosecution action against the lessee.

The eleventh cause of action's allegations about appellants' malicious prosecution action and subsequent settlement negotiations "merely provide context, without supporting a claim for recovery." (*Baral, supra*, 1 Cal.5th at p. 394.) They do not "amount to a 'cause of action' in the sense that [they are made] to justify a remedy." (*Id.* at p. 395.) They do not "supply the elements of a retaliation claim." (*Bonni, supra*, 11 Cal.5th at p. 1012.) Such "[a]llegations of protected activity that merely provide context, without supporting a claim for recovery, cannot

9

be stricken under the anti-SLAPP statute." (*Baral, supra,* at p. 394; see also *Bonni, supra,* at p. 1012 ["we may consider whether Bonni's various allegations supply the elements of a retaliation claim or merely provide context"].)

The only viable cause of action for unlawful retaliation is the alleged violation of Civil Code section 1942.5, subdivision (d). Respondents did not allege, and could not have meritoriously alleged, that appellants had violated this statute by filing the malicious prosecution action. Respondents alleged that appellants had "violated Civil Code section 1942.5(d) by decreasing services, increasing rent, causing [respondents] to quit involuntarily by interfering with their peaceable enjoyment of their home and leasehold, bringing an action to recover possession, and/or by threatening to do these acts in retaliation for [respondents'] peaceful and lawful exercise of their legal rights under the law."

The trial court therefore did not err in denying appellants' anti-SLAPP motion even though their filing of the malicious prosecution action and subsequent settlement negotiations were protected activity.

### *The Litigation Privilege is Inapplicable*

Appellants assert, "A cause of action brought under Civil Code section 1942.5 for alleged retaliation is properly stricken as a SLAPP suit when the conduct complained of is protected by the litigation privilege under Civil Code section 47." Appellants contend that the litigation privilege protects them from liability for a violation of section 1942.5 based on the conduct complained of in the eleventh cause of action. In theory, the litigation privilege may apply to the cause of action's claim that appellants violated section 1942.5, subdivision (d) by "bringing an action to

10

recover possession" in retaliation for respondents' exercise of their rights.

The litigation privilege is here inapplicable. It does not bar an action against a landlord for violating Civil Code section 1942.5, subdivision (d). As to such actions, the legislature created an exception to the litigation privilege. (See *Banuelos v. LA Investment, LLC* (2013) 219 Cal.App.4th 323, 332 ["If the litigation privilege trumped a suit for retaliatory eviction under section 1942.5 the privilege would "'effectively immunize conduct that the [statute] prohibits'" [citation] thereby encouraging, rather than suppressing, "'the mischief at which it was directed . . .'""]; *Winslett v. 1811 27th Avenue, LLC* (2018) 26 Cal.App.5th 239, 255 ["To be consistent with the high court's guidance that we give section 1942.5 a liberal construction designed to achieve the legislative purpose, we conclude that the litigation privilege must yield to it"]; *Id.* at p. 254 ["we agree with . . . *Banuelos* . . . that section 1942.5, subdivisions (d) and (h) . . . create an exception to the litigation privilege"]; *Action Apartment Assn., Inc. v. City of Santa Monica* (2007) 41 Cal.4th 1232, 1247 ["the Legislature remains free to create exceptions to the litigation privilege"].)

*Award of Attorney Fees as Sanction*

For making a frivolous anti-SLAPP motion, the trial court sanctioned appellants by awarding respondents their reasonable attorney fees of $8,750. "If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5." (§ 425.16, subd. (c)(1).) "Frivolous in this context means that any reasonable attorney would agree the motion was totally

11

devoid of merit.  [Citation.]  An order awarding attorneys' fees pursuant to section 128.5, as incorporated in section 425.16, subdivision (c), is reviewed under the abuse of discretion test.  [Citation.]  A ruling amounts to an abuse of discretion when it exceeds the bounds of reason, and the burden is on the party complaining to establish that discretion was abused."  (*Gerbosi v. Gaims, Weil, West & Epstein, LLP* (2011) 193 Cal.App.4th 435, 450; see also *Estate of Gilkison* (1998) 65 Cal.App.4th 1443, 1448-1449 [collecting cases and describing the standard of review].)

In its written ruling imposing sanctions (see § 128.5, subd. (c)), the trial court made clear it was aware of the correct standard.  The court stated, "A determination of frivolousness requires a finding [that] . . . "'any reasonable attorney would agree such motion is totally devoid of merit.'"  Accordingly, we presume the trial court applied the correct standard in ruling on the motion for sanctions.  (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 ["[I]t is settled that: 'A judgment or order of the lower court is *presumed correct . . .*'"]; *Axis Surplus Ins. Co. v. Reinoso* (2012) 208 Cal.App.4th 181, 190 ["we presume that the trial court applied the correct standard"].)

For the reasons explained *ante*, at pages 7-11, the trial court did not exceed the bounds of reason in finding that any reasonable attorney would agree that appellants' anti-SLAPP motion was "totally and completely without merit."  (§ 128.5, subd. (b)(2).)  The eleventh cause of action for unlawful retaliation arose from the claim for retaliation in violation of Civil Code section 1942.5, subdivision (d).  It did not arise from respondents' allegations that, in retaliation for filing the original complaint in the present action, appellants had filed a malicious prosecution action against respondents.  "Given the continuous

12

flow of unambiguous case law in the past decade, any reasonable attorney should be aware that a . . . dispute that simply mentions incidental protected activity is not subject to the anti-SLAPP statute." (*Baharian-Mehr v. Smith* (2010) 189 Cal.App.4th 265, 275.)

### *A Plea for Calm*

At the trial level and here on appeal, the parties' "scorched earth" postures exude acrimony: There have already been two appeals from anti-SLAPP rulings. We are hopeful that the law and motion wars will cease. The case should be settled or be tried.

### *Disposition*

The orders denying appellants' special motion to strike the eleventh cause of action and imposing sanctions of $8,750 for making a frivolous motion are affirmed. Respondents shall recover their costs on appeal.

<u>CERTIFIED FOR PUBLICATION</u>.


YEGAN, J.

We concur:


GILBERT, P. J.


PERREN, J.

Timothy J. Staffel, Judge

Superior Court County of Santa Barbara

_____

James P. Ballantine, for Defendants and Appellants.

Allen, Semelsberger & Kaelin and James C. Allen, Jessica S. Taylor, for Plaintiffs and Respondents.