Filed 3/13/23  Garcia Legal v. Molina CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| GARCIA LEGAL, | B312235 |
| Cross-complainant and Respondent, | (Los Angeles County Super. Ct. No. 19STCV05642) |
| v. | |
| MONICA MOLINA, | |
| Cross-defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Yolanda Orozco, Judge.  Affirmed.

Monica R. Molina, in. pro. per., for Cross-defendant and Appellant.

Law Office of Dale E. Washington, Dale E. Washington; Garcia Legal and Steven Ray Garcia for Cross-complainant and Respondent.

_____

Monica R. Molina (Monica) and Garcia Legal, a Professional Corporation, represented Esperanza Molina (Esperanza), Monica's mother, in a quiet title action that was eventually settled. Garcia Legal sued Esperanza to recover unpaid legal fees (just under $32,000). Esperanza filed a cross-complaint against Garcia Legal, alleging it had breached the parties' retainer agreement and the fees already paid (approximately $62,000) exceeded the value of the services provided. Garcia Legal then cross-complained against Monica for indemnity, contending, if any legal services performed by Garcia Legal did not benefit Esperanza (which it denied), the work was necessary to rectify the errors committed during the litigation by Monica while representing their joint client.

Monica filed a special motion to strike Garcia Legal's cross-complaint pursuant to Code of Civil Procedure section 425.16 (section 425.16). The trial court denied the motion, ruling Garcia Legal's indemnity claim did not arise from protected petitioning activity. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *The Original Real Property Lawsuit, Garcia Legal's Action To Recover Fees and the Two Cross-complaints*

Esperanza, represented by Monica, filed a quiet title action against 304 Crane, LLC in April 2017, alleging a right to an easement burdening 304 Crane's property, which adjoined Esperanza's, in the Mount Washington neighborhood of

2

Los Angeles.  Esperanza retained Garcia Legal and its principal Steven Ray Garcia (who described himself on the firm's website as "the dirt lawyer") in September 2017 to represent her, as cocounsel with Monica, in the litigation.  Esperanza discharged Garcia Legal in mid-December 2018 while the parties were discussing settlement.  The lawsuit settled shortly thereafter.

Garcia Legal sued Esperanza on February 19, 2019 to recover unpaid legal fees of $31,864.61, alleging causes of action for breach of contract, open book account and declaratory relief.  Esperanza on May 26, 2020 filed a cross-complaint for breach of contract and money had and received, alleging Garcia Legal breached its written agreement with Esperanza in connection with the 304 Crane litigation by misrepresenting Steven Garcia's experience and expertise; charging unconscionable fees; and billing for excessive hours spent on tasks that should have taken less time, work that was unnecessary and did not benefit Esperanza, and work performed for other clients.  Esperanza further alleged that Garcia frequently absented himself without notice to Esperanza or Monica; abandoned Esperanza for a vacation two weeks before the scheduled trial date; and conveyed settlement offers without prior authorization.  The cross-complaint alleged Esperanza had paid $68,286 in fees and costs for Garcia Legal's representation in the 304 Crane litigation, an amount that exceeded by more than $10,000 both the actual value of the services provided and "the amount which Garcia Legal, following the terms of the aforesaid written agreement and the California State Bar Rules of Professional Conduct, should have billed [Esperanza]."

Garcia Legal on August 24, 2020 filed a cross-complaint against Monica for indemnity.  As quoted in the trial court's

3

ruling on Monica's special motion to strike,[1] Garcia Legal alleged, "[T]o the extent Esperanza contends that [Garcia Legal] was billing excessively or performing services that were unnecessary or produced no discernable value to her, it was because [Garcia Legal] was required to respond to conduct and other actions of Monica and Does 11 through 20 that either fell below the standard of care, were reckless, or were the sole or primary cause of additional fees and costs incurred by Esperanza, as set forth above.  In undertaking work responsive to and curative of Monica and Does 11 through 20's conduct, or consequences caused or contributed by her conduct [Garcia Legal] had no legal obligation [to] undertake the work without being paid to do so. . . . Therefore, to the extent that the court should find that [Garcia Legal] bears any responsibility for any of the claims asserted in Esperanza's cross-complaint, Monica and Does 11 through 20, and each of them, are required to indemnify and hold [Garcia Legal] harmless from these claims. . . ."

2.  *Monica's Special Motion To Strike*

On November 30, 2020 Monica moved to strike Garcia Legal's cross-complaint pursuant to section 425.16.  Monica argued Garcia Legal's cause of action for indemnity arose from (indeed, was based entirely on) Monica's protected petitioning

---

[1]     We rely on the trial court's quotation from Garcia Legal's cross-complaint because Monica, now representing herself on appeal, without seeking a court order to protect confidential or privileged information, included a heavily redacted version of the pleading in her appellant's appendix, disclosing only Garcia Legal's identification of parties and prayer for relief.  (See Cal. Rules of Court, rule 8.46(c) ["[a] record filed or lodged publicly in the trial court and not ordered sealed by that court must not be filed under seal in the reviewing court"].)

4

activity—written and oral statements made in, or in connection with, a judicial proceeding (step one of the section 425.16 analysis). She further asserted the indemnity claim lacked merit because all her purported misconduct was absolutely protected by the litigation privilege in Civil Code section 47, subdivision (b)(2), and, in any event, because Esperanza's claim against Garcia Legal was based in contract, not tort, there was no basis for a claim of equitable indemnity (step two of the section 425.16 analysis). Finally, again insisting that Esperanza's cross-complaint was a contract action, not one for legal malpractice against Garcia Legal, Monica contended cases holding legal malpractice actions were not subject to a section 425.16 special motion to strike were not applicable to her motion.

In opposition Garcia Legal insisted Esperanza's cross-complaint, which sought to recover fees previously paid in the 304 Crane litigation, although phrased as one for breach of contract, alleged Garcia Legal had breached its professional obligations as measured by the standard of care owed by attorneys and was, for all practical purposes, a claim for professional negligence. As such, Garcia Legal argued, its cross-complaint for indemnity was not subject to a special motion to strike under the court of appeal's analysis in *Chodos v. Cole* (2012) 210 Cal.App.4th 692. Garcia Legal also asserted there was a probability it would prevail on the merits of its indemnity claim, including a lengthy declaration by Garcia to support this argument.[2]

---

[2] In his declaration, for example, Garcia explained Garcia Legal's representation of Esperanza as Monica's cocounsel was limited to real property issues; Monica remained exclusively responsible for prosecuting her mother's claim for damages. In

5

The trial court denied the motion, finding Monica had failed to carry her burden on the first step of a special motion to strike. After quoting from *Chodos v. Cole, supra,* 210 Cal.App.4th at pages 702 through 704, the court explained, "[T]he anti-SLAPP statute does not apply to claims of attorney malpractice and a claim by an attorney against other attorneys for equitable indemnity in connection with a claim of attorney malpractice is not distinguishable from a client's claim against an attorney for malpractice. Here, while Esperanza does not assert a cause of action for legal malpractice against Garcia Legal, her theory of liability against Garcia Legal is based on Garcia Legal's negligence . . . ."

Monica filed a timely notice of appeal.

---

response to 304 Crane's motions to compel discovery and for discovery sanctions relating to the failure to produce documents in connection with Esperanza's deposition, Garcia Legal drafted the portion of the opposition papers relating to real property records, while Monica was to prepare the section dealing with Esperanza's medical records. According to Garcia, the draft Monica provided him on the day the opposition was due "included incomplete citations to cases, citations to cases that had been overruled at least in part without noting the subsequent treatment, and a reference to statutes that had been repealed years before. As a result, [Garcia Legal] had to spend a significant amount of time revising and correcting Monica's work."

Monica objected to numerous portions of Garcia's declaration. The trial court declined to rule on the objections, stating they were immaterial to the court's disposition of the motion. Monica does not challenge that aspect of the trial court's decision. We deny as unnecessary Monica's motion to augment the record to include her objections to Garcia's declaration.

6

## DISCUSSION

1. *The Special Motion To Strike:  Governing Law and Standard of Review*

Section 425.16, commonly known as the anti-SLAPP statute, makes available a special motion to strike certain meritless claims early in the litigation:  "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1); see *Rand Resources, LLC. v. City of Carson* (2019) 6 Cal.5th 610, 619-620 ["[a] court may strike a cause of action only if the cause of action (1) arises from an act in furtherance of the right of petition or free speech 'in connection with a public issue,' and (2) the plaintiff has not established 'a probability' of prevailing on the claim"].)

Pursuant to section 425.16, subdivision (e), an "'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes:  (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in

7

furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."

In ruling on a special motion to strike under section 425.16, the trial court engages in a now-familiar two-step process. "First, the defendant must establish that the challenged claim arises from activity protected by section 425.16. [Citation.] If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384; accord, *Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009 (*Bonni*); *Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1061 (*Park*).)

"A claim arises from protected activity when that activity underlies or forms the basis for the claim." (*Park, supra,* 2 Cal.5th at pp. 1062-1063.) Thus, "[t]he defendant's first-step burden is to identify the activity each challenged claim rests on and demonstrate that that activity is protected by the anti-SLAPP statute. A 'claim may be struck only if the speech or petitioning activity *itself* is the wrong complained of, and not just evidence of liability or a step leading to some different act for which liability is asserted.'" (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 884 (*Wilson*); see *Bonni, supra,* 11 Cal.5th at p. 1009 ["[t]he defendant's burden is to identify what acts each challenged claim rests on and to show how those acts are protected under a statutorily defined category of protected activity"]; *Park,* at p. 1060.)

If the moving party fails to demonstrate that any of the challenged claims for relief arise from protected activity (the first step), the court properly denies the motion to strike without

8

addressing the probability of success (the second step).  (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 80-81; *Verceles v. Los Angeles United School Dist.* (2021) 63 Cal.App.5th 776, 784.)

We review de novo whether the moving party carried its burden of demonstrating the activity from which the lawsuit arises falls within the scope of section 425.16.  (*Geiser v. Kuhns* (2022) 13 Cal.5th 1238, 1250; see *Wilson*, *supra*, 7 Cal.5th at p. 884; *Park*, *supra*, 2 Cal.5th at p. 1067.)

>   2.  *The Special Motion To Strike and Legal Malpractice Claims*

As Monica contends, an attorney's litigation-related activities, including, as pertinent here, the filing and prosecution of a civil action on behalf of a client, generally constitute acts in furtherance of a person's constitutional right of petition.  (See *Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056 [An act in furtherance of the person's right of petition or free speech "includes communicative conduct such as the filing, funding, and prosecution of a civil action.  [Citation.]  This includes qualifying acts committed by attorneys in representing clients in litigation"]; *Optional Capital, Inc. v. Akin Gump Strauss, Hauer & Feld LLP* (2017) 18 Cal.App.5th 95, 113, 226 ["[i]t is well established that the protection of the anti-SLAPP statute extends to lawyers and law firms engaged in litigation-related activity"].)

Nonetheless, a two-decades-long line of cases, including this court's decision in *Sprengel v. Zbylut* (2015) 241 Cal.App.4th 140, has held "malpractice claims that challenge the competency of an attorney's legal services are not subject to section 425.16 because, in such cases, 'the client is not suing because the attorney petitioned on his or her behalf, but because the attorney did not competently represent the client's interests while doing

9

so.'" (*Id.* at pp. 154-155; accord, *Kolar v. Donahue, McIntosh & Hammerton* (2006) 145 Cal.App.4th 1532, 1540; see *Yeager v. Holt* (2018) 23 Cal.App.5th 450, 457 ["a typical attorney malpractice suit is not subject to" section 425.16]; *Robles v. Chalilpoyil* (2010) 181 Cal.App.4th 566, 578-579 ["section 425.16 does not shield statements made on behalf of a client who alleges negligence in the defendant's representation of the client or breach of the duty of loyalty"]; *Jespersen v. Zubiate-Beauchamp* (2003) 114 Cal.App.4th 624, 632 [section 425.16 does not apply to "garden-variety attorney malpractice" action based on an attorney's failure to comply with discovery statutes and court orders].) Despite occasional criticism (see, e.g., *Sprengel*, at p. 158 (dis. opn. of Perluss, P. J.)), neither the Legislature nor the Supreme Court has taken any action to disapprove any of these cases. They are now a fixed point in anti-SLAPP jurisprudence. (See generally *People v. Latimer* (1993) 5 Cal.4th 1203, 1213 [considerations of stare decisis have special force in the area of statutory interpretation because the legislative branch remains free to alter what the courts have done].)

Applying the reasoning of these cases, the court in *Chodos v. Cole, supra*, 210 Cal.App.4th 692 concluded that section 425.16 did not apply to a "claim for indemnity [that was] grounded in allegations of attorney malpractice." (*Id.* at p. 705.) In *Chodos* two attorneys sued their former client to recover unpaid fees incurred representing the client in marital dissolution proceedings. The client filed a cross-complaint for legal malpractice. (*Id.* at pp. 696-697.) The attorneys filed a cross-complaint for equitable indemnity against other attorneys who had represented the client. (*Id.* at p. 697.) The second set of attorneys filed special motions to strike, which the trial court

10

granted. (*Ibid.*) Our colleagues in Division Five of this court reversed. After acknowledging section 425.16 "does not apply to claims of attorney malpractice," the *Chodos* court reasoned that "[i]ndemnity and malpractice may be different causes of action, but that does not mean that the claim for indemnification based on malpractice should be treated differently than a malpractice claim for purposes of whether [section 425.16] is applicable." (*Id.* at pp. 702-704.)

### 3. *Garcia Legal's Cross-complaint for Indemnity, Based on Monica's Alleged Malpractice, Does Not Arise from Protected Activity Under Section 425.16*

Indemnity "refers to 'the obligation resting on one party to make good a loss or damage another party has incurred.'" (*Prince v. Pacific Gas & Electric Co.* (2009) 45 Cal.4th 1151, 1157.) Equitable indemnity, as the name suggests, refers to a liability that arises from the equities of a particular circumstance.[3] Such indemnity "'is premised on a joint legal obligation to another for damages,'" "subject to allocation of fault principles and comparative equitable apportionment of loss." (*Id.* at p. 1158; see *Western Steamship Lines, Inc. v. San Pedro Peninsula Hospital* (1994) 8 Cal.4th 100, 114 [equitable indemnity "is premised on a joint legal obligation to another for damages"].) "''The elements of a cause of action for [equitable] indemnity are (1) a showing of fault on the part of the indemnitor and (2) resulting damages to the indemnitee for which the indemnitor is . . . equitably responsible.''" (*C.W. Howe Partners Inc. v. Mooradian* (2019)

---

[3]     While traditionally known as equitable indemnity, more recently it has also been referred to as noncontractual implied indemnity. (See *Prince v. Pacific Gas & Electric Co., supra,* 45 Cal.4th at p. 1157.)

43 Cal.App.5th 688, 700; accord, *Bailey v. Safeway, Inc.* (2011) 199 Cal.App.4th 206, 217.)

As the Supreme Court instructed in *Bonni*, *supra*, 11 Cal.5th at page 1009, at the first step in analyzing a special motion to strike under section 425.16, "courts are to 'consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability.'" (Accord, *Park*, *supra*, 2 Cal.5th at p. 1063.) Here, Monica's allegedly incompetent actions as Esperanza's attorney before and during the time Garcia Legal also represented Esperanza supply the elements and consequently form the basis for the claim Monica is obligated to indemnify Garcia Legal. That is, the alleged indemnitee (Garcia Legal) contends an attorney (Monica, the indemnitor) is responsible (in whole or in part) for the damages the attorney's client (Esperanza) seeks to recover from the indemnitee because the indemnitor's professional negligence caused those injuries. The indemnity cause of action, accordingly, arises from the attorney's professional negligence just as if the attorney's client had filed a legal malpractice cause of action directly against the attorney.

As the cases excepting legal malpractice lawsuits from the ambit of section 425.16 posit, even where the alleged malpractice occurs during litigation and the claims may have been triggered by, or associated with, the attorney's litigation activities, "they do not arise out of those acts. [Citations.] Instead, they arise out of [the attorney's] breach of professional obligations" (*Sprengel v. Zbylut, supra*, 241 Cal.App.4th at p. 155; see *Finato v. Keith A. Fink & Associates* (2021) 68 Cal.App.5th 136, 142 ["'actions based on an attorney's breach of professional and ethical duties owed to a client are not SLAPP suits, even though protected

12

litigation activity features prominently in the factual background"""]; *Gaynor v. Bulen* (2018) 19 Cal.App.5th 864, 880 ["the client is seeking recovery for the attorney's failure to competently represent the client's interests and/or the attorney's breach of loyalty owed to the client, and not to recover for injuries resulting from the attorney's petitioning activities, even if these activities were alleged to be wrongful and harmful to the client's interests"].)

Because Garcia Legal's indemnity cause of action is based on Monica's alleged professional negligence, the trial court correctly ruled the cause of action does not arise from protected petitioning activity. Whether section 425.16 applies to an indemnity claim against an attorney depends on whether the attorney's alleged conduct giving rise to his or her fault is protected activity under section 425.16—not the identity of the party bringing the indemnity claim. We fully agree with the court in *Chodos v. Cole*, which explained, "If an act of malpractice by an attorney . . . is not petitioning or free speech under [section 425.16], that same act for the same client should not be deemed to be such petitioning or free speech solely because it is the basis of a claim for indemnity by someone other than the client." (*Chodos v. Cole, supra*, 210 Cal.App.4th at p. 705.)

In challenging the trial court's ruling, Monica does not contend Garcia Legal's cross-complaint for indemnity is based on anything other than her own purported legal malpractice while representing Esperanza. Instead, without directly addressing (or even citing) *Chodos v. Cole, supra*, 210 Cal.App.4th 692, Monica attempts to avoid the holding of that case, as well as the entire line of cases articulating the legal malpractice exception to section 425.16, by arguing Esperanza's cross-complaint against

13

Garcia Legal is for breach of contract and common counts, not for legal malpractice. Absent an underlying tort claim against Garcia Legal, she contends, Garcia Legal has no basis to seek equitable indemnity against Monica. Whatever the merit of that argument, which certainly could have been raised by way of demurrer, it is not pertinent to the step-one analysis of Monica's special motion to strike. The issue is whether Garcia Legal's indemnity claim against Monica arises from Monica's protected activity, not whether Esperanza's cross-complaint against Garcia Legal is based on contract or tort. For the reasons discussed, the indemnity claim is not subject to a special motion to strike.

## DISPOSITION

The order denying the special motion to strike is affirmed. Garcia Legal's motion for sanctions is denied. Garcia Legal is to recover its costs on appeal.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.